This is a child custody case.
On December 11, 1980, pursuant to a complaint, answer, waiver and agreement, William A. Perez and Shelbie Perez Moore were granted a divorce by the Coffee County Circuit Court. According to the agreement incorporated into the divorce decree, custody of the two minor children was awarded to the father subject to reasonable visitation rights of the mother. The father was also awarded the marital homeplace and household goods. The mother was not represented by separate counsel during the divorce proceedings.
Soon after the divorce, William A. Perez and the children moved to Key West, Florida and the children did not return to Alabama until just before the hearing in the case at bar. In April 1982 Shelbie Perez Moore filed a petition for modification in the Circuit Court of Coffee County. In her petition she asked that she be awarded custody of the children subject to the father's reasonable visitation rights. In support of her petition, Shelbie Perez Moore later filed an affidavit in which she alleged the children were not receiving adequate care while in their father's custody.
In response to the mother's petition, William A. Perez filed a motion to stay the modification proceedings and he requested that the state of Florida be allowed to assume jurisdiction of the custody of the minor children. The father based his motion on the Uniform Child Custody Jurisdiction Act (U.C.C.J.A.), which has been adopted by both Alabama and Florida. In his motion he stated that Florida is the home state of the children and the best interests of the children would be served by litigating the custody issue in Florida.
In July 1982 the mother filed a motion requesting an order enforcing visitation rights and directing her former husband to deliver the children to her for at least four weeks' visitation. This motion was granted.
On September 15, 1982 the trial court determined that Alabama was not the children's home state, as defined in the U.C.C.J.A., when modification proceedings were begun. The children's connections were with Florida and Florida was the proper forum. The mother's petition was dismissed for lack of jurisdiction under the act. She filed a motion to reconsider and this motion was denied.
The mother brings this appeal and argues that the Coffee County Circuit Court should continue to exercise jurisdiction over the custody issue. To support her argument, Shelbie Perez Moore relies on two recent opinions of this court. She citesPitts v. Sutter, 408 So.2d 105 (Ala.Civ.App. 1981), in *Page 115 
which we stated that the U.C.C.J.A. "encourages continuing jurisdiction by a court which entered an original custody judgment unless that court presently is without jurisdiction under Section 3 [§ 30-3-23, Code 1975] or has declined to assume jurisdiction." In Bloodgood v. Whigham, 408 So.2d 122
(Ala.Civ.App. 1981), we stated that the commission's comments for section 30-3-34, Code 1975, suggest that the state which rendered the initial custody decree continues to have preferred jurisdiction to modify as long as one or more of the parties continue to reside in the state and jurisdiction remains in the state according to the standards of the U.C.C.J.A.
In their efforts to establish whether Alabama has continuing jurisdiction, both the trial court and the parties apparently looked only to the U.C.C.J.A. for direction. They failed to consider the provision of the Parental Kidnapping Prevention Act (P.K.P.A.), 28 U.S.C.A. § 1738A (West 1980). Nevertheless we have held that the federal act must be followed in resolving the jurisdiction issue of interstate custody disputes. Flanneryv. Stephenson, 416 So.2d 1034 (Ala.Civ.App. 1982). Moreover, we have said that in those areas where the U.C.C.J.A. and the P.K.P.A. conflict, the federal statute preempts the state law.Flannery v. Stephenson, supra.
Under the P.K.P.A., Alabama would have continuing jurisdiction if the initial custody order was rendered in compliance with the federal act and the child or any contestant continues to reside in the state. Flannery v. Stephenson,supra. In the case at bar the initial custody order did comply with the P.K.P.A. and one contestant, the mother, continues to reside in Alabama. Therefore, on the date the mother filed the modification petition, Alabama had continuing jurisdiction of the custody of the children.
A state which has continuing jurisdiction may exercise that jurisdiction by making a custody determination or it may decline to exercise such jurisdiction should it be made to appear that another state is the more appropriate forum. See § 1738A (c)(2)(E) and (f)(2), P.K.P.A.
The trial court, in essence, declined jurisdiction because it found that Alabama was not the "home state" of the children when the modification proceedings were begun and that the children's connections were with the state of Florida, and Florida, therefore, was the proper forum for the determination of the children's custody. The general purposes of the P.K.P.A. and its section (f) authorize such a decision.
The trial court's decision to decline jurisdiction and to dismiss the petition for modification is affirmed.
AFFIRMED.
WRIGHT, P.J., and HOLMES, J., concur.