I respectfully dissent.
As indicated in the majority opinion authored by our distinguished colleague *Page 291 
whose assistance to this court is invaluable, the father seeks a writ of mandamus to force the Alabama circuit court to enforce the Texas decree awarding him custody.
The issue on appeal, as I view it, is whether Alabama has jurisdiction under applicable state and federal law to enter a custody determination, or whether Alabama is bound by law to enforce the Texas decree.
Interstate custody disputes are governed by the recently enacted federal statute, the Parental Kidnapping Prevention Act of 1980, 28 U.S.C. § 1738A (PKPA). The PKPA is similar to the Alabama version of the Uniform Child Custody Jurisdiction Act (UCCJA). Because the federal statute, the PKPA, pre-empts state law, questions of jurisdiction arising in interstate child custody matters must be decided by reference to the PKPA. Moorev. Perez, 428 So.2d 113 (Ala.Civ.App. 1983); Flannery v.Stephenson, 416 So.2d 1034 (Ala.Civ.App. 1982).
The PKPA provides in pertinent part that:
 "(c) A child custody determination made by a court of a State is consistent with the provisions of this section only if —
 "(1) such court has jurisdiction under the law of such State; and
"(2) one of the following conditions is met:
. . . .
 "(C) the child is physically present in such State and (i) the child has been abandoned, or (ii) it is necessary in an emergency to protect the child because he has been subjected to or threatened with mistreatment or abuse;
. . . .
 "(E) the court has continuing jurisdiction pursuant to subsection (d) of this section.
 "(d) The jurisdiction of a court of a State which has made a child custody determination consistently with the provisions of this section continues as long as the requirement of subsection (c)(1) of this section continues to be met and such State remains the residence of the child or of any contestant."
28 U.S.C. § 1738A.
The PKPA defines "custody determination" to specifically include temporary orders. 28 U.S.C. § 1738A (b)(3). Hence, the temporary order, to me in this instance, entered in Alabama on October 15 was a "child custody determination made by a court of a State" as required by 28 U.S.C. § 1738A (c).
The next requirement of the PKPA is that the court have jurisdiction under its own state law. This requires us to determine under the UCCJA, Ala. Code § 30-3-20 through § 30-3-44 (1982 Supp.), whether jurisdiction existed at the time the temporary order was entered. Section 30-3-23 provides in pertinent part that Alabama courts have jurisdiction if:
 "(2) It is in the best interest of the child that a court of this state assume jurisdiction because:
 "a. The child and his parents, or the child and at least one contestant, have a significant connection with this state; and
 "b. There is available in this state substantial evidence concerning the child's present or future care, protection, training, and personal relationships; or
 "(3) The child is physically present in this state and:
. . . .
 "b. It is necessary in an emergency to protect the child because he has been subjected to or threatened with mistreatment or abuse or is otherwise neglected or dependent, . . ."
The evidence presented at the jurisdictional hearing in Alabama was sufficient to support the trial judge's implied finding that Alabama had jurisdiction to enter the October 15 decree under § 30-3-23 (a)(2). The child and mother were physically present in the state; they both had significant contacts with Alabama, and evidence concerning the child's future was available. *Page 292 
Furthermore, the court had jurisdiction under the emergency provisions of § 30-3-23 (a)(3). The evidence indicates the child was injured during the father's forcible attempt at physically taking the child. The relative caring for the child at the time was also injured. Such a situation appears to fall within the language of § 30-3-23 (a)(3)(b).
I would therefore hold that under Alabama law the court had jurisdiction to enter the October 15 order.
Our next inquiry is whether the third requirement of the PKPA was met, that is: was "one of the following conditions . . . met." 28 U.S.C. § 1738A (c)(2). Among those conditions are ones quite similar to the Alabama law, that being: "(c) the child is physically present in such State and . . . (ii) it is necessary in an emergency to protect the child because he has been subjected or threatened with mistreatment or abuse; . . ." As indicated, the father's behavior which resulted in injuring both the child and its caretaker was mistreatment or abuse. Therefore, jurisdiction in Alabama existed under both the PKPA and the UCCJA at the time Alabama entered the October 15 order.
As noted by this court in Moore v. Perez, supra, under the PKPA, Alabama has continuing jurisdiction if the initial custody order was rendered in compliance with the federal act and the child or any contestant continues to reside in Alabama.Flannery v. Stephenson, supra. In the instant case, the initial custody order did comply with the PKPA, and mother and child continue to reside in Alabama. Therefore, on the date the mother filed the modification petition, Alabama had continuing jurisdiction to modify the Alabama October 15 decree.
Furthermore, in this instance under these most unusual facts, I note that the above result as stated by the dissent would not be inconsistent with results reached in other jurisdictions under the UCCJA. For instance, in Marcrum v. Marcrum, 89 N.J. 402, 446 A.2d 136 (N.J. 1982), the court said it was unwilling to let the comity considerations of the UCCJA crowd out the best interest of the child, and refused a strictly technical reading of the UCCJA that would place comity considerations above the best interest of the child. See also Re Marriage ofSettle, 276 Or. 759, 556 P.2d 962 (1976).
In view of the above, I would affirm the action of the trial court and allow the Alabama court to proceed.