This is an interstate custody case.
Johnny McBride and Bronda McBride were divorced in Hamilton County, Indiana, on April 2, 1980. Custody of Jonathan McBride, age ten, was awarded to his mother, and the father was ordered to pay fifty dollars per week as child support. Bronda later married Sokol and continues to live in Indiana. Jonathan lived in Indiana from birth to 1979 with his parents; from 1979 to 1982 Jonathan lived with his mother in Indiana; from June 1982 to June 1983 Jonathan lived with his paternal grandmother in Grant, Alabama; from June 1983 to May 1984 Jonathan lived in Indiana with his mother and stepfather and by agreement came to his grandmother's home in Grant, Alabama, in May 1984.
Johnny McBride, who had been living in Texas, returned to Alabama and on August 8, 1984, filed a complaint to modify the Indiana custody order to give him custody of Jonathan. The Circuit Court of Marshall County, acting upon motion of the mother, dismissed the complaint for want of jurisdiction under the Parental Kidnapping Prevention Act of 1980 (PKPA),28 U.S.C. § 1738A (Supp. 1984). From that order the plaintiff appeals. *Page 646 
The plaintiff contends on appeal that the PKPA does not, under these circumstances, prevent the Alabama court from exercising jurisdiction to modify custody and that the circuit court erred in not taking oral testimony concerning the best interest of the child, as the child was subject to abuse in Indiana.
The Parental Kidnapping Prevention Act and the Uniform Child Custody Jurisdiction Act govern interstate child custody disputes. In case of conflicts between the two statutes, the PKPA shall prevail. Flannery v. Stephenson, 416 So.2d 1034,1038 (Ala.Civ.App. 1982). Under the PKPA, if an Indiana court's child custody determination was entered in accordance with the Act, then an Alabama court is required to enforce that decree according to its terms and generally cannot modify such order. PKPA, 28 U.S.C. § 1738A(a) (Supp. 1984), and the Indiana court retains continuing jurisdiction over the dispute and the exclusive right to issue modification as long as the child or one of the parties remains a resident of Indiana. PKPA,28 U.S.C. § 1738A(d) (Supp. 1984); Mitchell v. Mitchell,437 So.2d 122, 126 (Ala.Civ.App. 1982).
Based upon the record before us, it appears Indiana had jurisdiction to divorce the parties and award custody to the mother. The parents and the child were residing in Indiana at the time the divorce proceedings were initiated. The mother continues to reside in Indiana, and Indiana is the "home state" of the child. PKPA, 28 U.S.C. § 1738A(b)(4) (Supp. 1984). As the Indiana judgment complied with the PKPA and one contestant has continued to reside in that state and Indiana being the "home state" of Jonathan, Indiana had continuing jurisdiction when the modification was filed in August 1984. PKPA,28 U.S.C. § 1738A(d) (Supp. 1984); Flannery v. Stephenson,416 So.2d 1034, 1038 (Ala.Civ.App. 1982).
The trial court appears to have followed the procedure set out in Wyatt v. Falhsing, 396 So.2d 1069 (Ala.Civ.App. 1981). A hearing was held to determine if the Act requires recognition and enforcement of the Indiana judgment. The contesting father had the opportunity to plead and present evidence as to the nonexistence of jurisdiction of the state of Indiana. And as stated in Wyatt, 396 So.2d at 1073,
 "Ordinarily, at such initial and limited hearing, the circumstances of the child or children is not then an issue before the court and evidence pertaining thereto is not admissible. . . . Should the trial court determine after such hearing that such a judgment must be recognized, the court would then enforce the other state's judgment without further proceedings."
(Citation omitted.)
The trial court having correctly determined that Indiana retained jurisdiction in this case and there being no evidence that Indiana had declined jurisdiction, it was not error to deny hearing testimony as to the best interest or welfare of the child. The proper forum to present this evidence is in the court having jurisdiction to modify.
Under the facts presented, the Alabama court had no authority under the federal act to modify the Indiana judgment. The trial court correctly enforced the Indiana judgment and dismissed the plaintiff's complaint to modify.
The case is due to be and is affirmed.
The foregoing opinion was prepared by Retired Circuit Judge ROBERT M. PARKER while serving on active duty status as judge of this court under the provisions of § 12-18-10 (e) of the Code of Alabama of 1975 and this opinion is hereby adopted as that of the court.
AFFIRMED.
All the Judges concur. *Page 647