This is a divorce case.
The parties were married on March 6, 1964. Two children, one a minor at the time of these proceedings, were born of this marriage. On March 11, 1985 the Circuit Court of Cullman County granted divorce on account of incompatibility of temperment after hearing the evidence ore tenus.
In pertinent part, the decree awarded custody of the minor child to the wife and required the husband to pay child support. The wife was also awarded all right, title, and interest to several bank accounts and certificates of deposit, approximating $31,000 in sum total, and the marital homeplace. The remaining real property jointly owned by the parties was to remain in joint ownership. Husband appeals from this final order, contending that the property division as stated above constitutes an abuse of discretion by the trial court. He maintains that he possessed a joint and equitable interest in the property granted to the wife and raises two separate issues on appeal.
First, the husband argues that the trial court abused its discretion by failing to recognize his interest in the bank accounts and certificates of deposit. He contends that those particular assets were accumulated during the marriage through joint effort and financial contributions of both parties and that he is, therefore, entitled to an equitable portion of them. The wife replies that these bank accounts are her sole property. She says that the husband did not contribute any money to these accounts nor did she use any of the money to support the family. The question then is the source and use of these funds. The evidence relating to this aspect of the case is conflicting.
The record reflects that the wife became disabled in 1979, which disability resulted in her inability to work. She has received disability benefits since that time. She testified that in late 1979 she received a $6,000 award for disability benefits that had been withheld and that she placed this sum in an interest-bearing account along with her subsequent monthly disability pay and a *Page 1221 
$3,000 inheritance that she received from her father's estate. This amount grew to the sum of $25,000, with which she purchased a certificate of deposit. The wife also testified that there were two other accounts maintained by her, consisting of $1,500 and $5,000 respectively. She stated that the source of these funds was primarily from her disability pay and from funds she earned while employed. The wife also testified that no deposits to the accounts in question were ever made by her husband and that at no time during their marriage were these funds utilized to pay for any daily or household expenses. The husband testified that during intervals throughout the marriage he and his wife had established and utilized joint savings and commercial accounts. This testimony was contrary to the husband's previous denial of such accounts as posed to him in the form of an interrogatory.
Property over which a wife exercises exclusive dominion and control and from which the husband is excluded, having derived no benefit therefrom by virtue of the marital relationship, constitutes the wife's "separate estate." Gartman v. Gartman,376 So.2d 711 (Ala.Civ.App. 1978), rev'd on other grounds,376 So.2d 715 (Ala. 1979). Determination of a wife's separate estate is for the trier of the fact after review of the evidence in each case. Shamblin v. Shamblin, 361 So.2d 580
(Ala.Civ.App. 1978). Although there is no specific finding in the judgment that the money in question was the wife's separate estate, there is sufficient evidence in the record to warrant such a finding. Regardless of this state of the record, the trial court is not required to divide the marital assets equally but is required only to divide those assets on an equitable basis. And, the trial court's distribution of the marital assets will be reversed only for a plain and palpable abuse of discretion. Johnson v. Johnson, 414 So.2d 987
(Ala.Civ.App. 1982).
We find no abuse of discretion in the trial court's award of the bank accounts to the wife.
The second issue raised on appeal concerns the award of the parties' marital home to the wife. In 1979 the husband conveyed his interest in the property to the wife by a duly executed warranty deed. The wife testified that she and her husband together went to an attorney and specifically discussed the preparation of the deed. The husband contends, however, that the transaction involving the conveyance was the product of fraudulent representations by the wife. He contends that when signing the document he was under the impression that he was signing a will. The husband also contends that the wife failed to pay the consideration set out in the deed. Thus, he argues that the trial court erred in failing to award him an equitable share of the property.
It is well settled in this state that one who seeks to set aside a deed obtained by fraud must aver the facts relied on and prove the fraud clearly and satisfactorily. Popwell v.Greene, 465 So.2d 384 (Ala. 1985). Absent proof of fraud or misrepresentation in such cases, a grantor who possesses the ability to read and understand a deed and who fails to do so will subsequently be estopped to deny that he lacked the requisite intent necessary to constitute a valid conveyance.Ingram v. Horn, 294 Ala. 353, 317 So.2d 485 (1975).
Review of the record in the present case reveals that the husband was literate and possessed more than the necessary ability to understand the nature of this transaction. His failure to read the document before placing his signature upon it was an act of his own inadvertence and the conveyance will not be set aside due to his negligence. Additionally, since the deed was not fraudulently obtained, the failure of the wife to pay the recited consideration is not a sufficient ground for its cancellation. Reed v. Ray, 409 So.2d 814 (Ala. 1982).
As stated above, the division of property is to be based on the equities of the case and when this is done by the trial court after an ore tenus trial, the judgment of the court will not be disturbed on appeal *Page 1222 
unless it is clearly erroneous or unsupported by credible evidence. May v. Campbell, 470 So.2d 1188 (Ala. 1985). With this presumption in mind, we cannot say that the trial court erred to reversal in awarding the marital home to the wife. Such finding is strengthened by the fact that the wife was awarded custody of the minor child. Hamaker v. Hamaker,57 Ala. App. 333, 328 So.2d 588 (1975), cert. denied, 295 Ala. 404,328 So.2d 594 (1976).
Finding no error in the trial court's judgment, we affirm it.
AFFIRMED.
WRIGHT, P.J., and HOLMES, J., concur.