This is a divorce modification case.
The parties, Paula Lee Blankenship and Robert Lee Blankenship, were divorced on May 2, 1986. On January 15, 1987 Mr. Blankenship filed a petition for modification of the divorce decree. The portion of the modification petition around which this appeal revolves is that part concerning custody of the parties' minor son Bobby.
Following a trial in which evidence was presented ore tenus to the court, the court modified the decree so as to change custody of Bobby from his mother, Paula Blankenship, to his father, Robert Blankenship.
The mother appeals the modification, asserting: (1) the trial court did not have jurisdiction over the proceeding; (2) the trial court erred in admitting into evidence testimony of acts and events which occurred prior to the parties' May 2nd divorce; and (3) the trial court erred in transferring custody of Bobby to his father.
The essential facts with regard to the jurisdiction issue are as follows. The parties were married in Alabama and divorced in Alabama. Pursuant to the Alabama divorce, custody of Bobby was awarded to the mother. Following the divorce, the mother moved to Iowa. The father, however, has at all times maintained his residence in Henry County, Alabama. The minor child, Bobby, moved to Iowa with his mother.
When confronted with questions of jurisdiction in interstate child custody cases, the controlling statutes are the Parental Kidnapping Prevention Act (P.K.P.A.),28 U.S.C.A. § 1738A (West Supp. 1988), and Alabama's Uniform Child Custody Jurisdiction Act (U.C.C.J.A.), §§ 30-3-20 through -44, Code 1975.
In our application of these two statutes, we have held that in areas of conflict between the two on matters of jurisdiction the federal provision — the P.K.P.A. — preempts Alabama's version of the U.C.C.J.A.Moore v. Perez, 428 So.2d 113 (Ala.Civ.App. 1983). Consequently, in resolving our jurisdictional issue we follow the P.K.P.A. Moore.
Pursuant to our previous interpretations of the P.K.P.A., Alabama courts have continuing jurisdiction over custody matters if the initial custody determination was made in compliance with the federal law and either the child or any contestant still resides in Alabama. Moore.
No dispute exists concerning the initial order's compliance with the P.K.P.A., and the father — one of the contestants — continues to reside in Alabama. As a result, the Alabama court had jurisdiction in the matter and did not err in proceeding to hear and decide the case.
The mother next maintains that the court improperly considered evidence at the modification proceeding which related to events occurring prior to the divorce. We disagree.
Our review of the record indicates that the May 2nd divorce and custody decree was not the result of a trial, but rather based on agreement of the parties. In similar cases where the original divorce decree was the product of agreement and the custody determination was reached without the benefit of testimony, we have held that "facts relating to the parties' pre-divorce conduct should be considered by the trial court in a modification proceeding." Wilson v. Wilson,408 So.2d 114 (Ala.Civ.App. 1981), cert. denied,408 So.2d 117 (Ala. 1982). Thus, the evidence was properly admitted.
Finally, we consider whether the trial court properly modified custody.
When a trial court's judgment follows the presentation of evidence ore tenus, a presumption of correctness automatically attaches. Davis v. Davis,451 So.2d 316 (Ala.Civ.App. 1984). Thus, the judgment will be affirmed when it is supported by competent evidence, unless shown to be palpably wrong. Davis. *Page 322 
In custody modification proceedings, the burden of proof rests with the party seeking modification. Davis.
The burden of proof in the case at bar requires a showing by the father that the custody change materially promotes the child's best interests and, further, that the benefit of the custody change overcomes any disruptive effect occasioned by the modification. Keeton v. Keeton, 472 So.2d 1082
(Ala.Civ.App. 1985).
As we previously stated, it was not error for the court to consider predivorce conduct in this modification proceeding.Keeton; Wilson, supra. However, even if all the evidence concerning predivorce conduct were disregarded, we find that the postdivorce evidence was sufficient to support the court's modification.
Testimony was presented which, if believed, indicated the mother had been living with a man (who we do note she eventually married), while the child was in her custody in Iowa. Incidents of violence on the part of the mother were also recounted. Evidence further suggested the mother had threatened to kill the father and his new wife if custody were changed.
Simply stated, we find no abuse of discretion on the part of the trial judge in modifying custody. The judgment of the trial court is affirmed.
AFFIRMED.
HOLMES and INGRAM, JJ., concur.