BRADLEY, Presiding Judge.
This appeal is from an order modifying a child support and visitation decree.
The parties to this proceeding were divorced in 1982 by order of the Circuit Court of Lee County, Alabama. Several years later the mother, the custodian of the child, and the child moved from the state of Alabama and now reside in DeKalb County, Georgia. They have lived there since 1986. The father has continuously lived in Alabama since the divorce.
In July 1987 the father petitioned the Lee County Circuit Court to modify the divorce decree as to custody, child support, and visitation. The mother filed a motion to dismiss the petition for lack of jurisdiction of the Lee County Circuit Court. After a hearing the motion to dismiss was denied. The mother then filed an answer denying that there had been a material change in circumstances warranting a modification of the divorce decree. Some several months prior to trial the mother served a request for admissions on counsel for husband. Shortly before trial the mother filed a motion for summary judgment based on husband’s failure to answer the request for admissions. After a hearing at which testimony was taken, the trial court denied the summary judgment request and modified the divorce decree as to child support and visitation.
In brief here the mother says first that the trial court erred to reversal by refusing to dismiss the modification petition. She argues that Georgia is the “home state” of the child and that, pursuant to the Uniform Child Custody Jurisdiction Act (UCCJA), the Alabama court was without jurisdiction to entertain the modification action.
We believe that the Parental Kidnapping Prevention Act (PKPA), Title 28, § 1738A, *1188 rather than the UCCJA controls in the present case.
Section 1738A provides, in pertinent part:
“§ 1738A. Full faith and credit given to child custody determinations
[[Image here]]
“(c) A child custody determination made by a court of a State is consistent with the provisions of this section only if—
“(1) such court has jurisdiction under the law of such State; ...
[[Image here]]
“(d) The jurisdiction of a court of a State which has made a child custody determination consistently with the provisions of this section continues as long as the requirement of subsection (c)(1) of this section continues to be met and such State remains the residence of ... any contestant.”
We have held that the PKPA controls in interstate custody disputes. Ray v. Ray, 494 So.2d 634 (Ala.Civ.App.1986); Moore v. Perez, 428 So.2d 113 (Ala.Civ.App.1983).
Pursuant to the provisions of the PKPA set out above, the state which rendered the original custody and support decree would have continuing jurisdiction if the decree was rendered in accordance with the act and one of the contestants resides in the state. Ray v. Ray, supra. There is no dispute concerning the jurisdiction of the Lee County Circuit Court to render the original custody and support decree. Moreover, it is without question that the father resides in Alabama. In view of these facts, the Lee County Circuit Court had jurisdiction of the modification petition and properly denied the motion to dismiss.
The mother’s other issue questions the denial of her motion for summary judgment. She says that the husband’s failure to answer her request for admissions within thirty days as required by Rule 36(a), Alabama Rules of Civil Procedure, left the trial court with no alternative but to grant her a summary judgment. We disagree in this case.
First, we note that the failure to cite any authority in support of an argument for an issue precludes this court from considering said issue. May v. Department of Human Resources, 512 So.2d 781 (Ala.Civ.App.1987). In support of her argument regarding denial of the summary judgment motion, the mother merely cited Alabama Rules of Civil Procedure Rule 56 for the proposition that admissions can be the basis of a summary judgment. She failed to direct this court to any authority which would show that the facts “admitted” by the father would entitle her to a summary judgment.
Although we decline to review the mother’s argument on the refusal of the trial court to grant her a summary judgment, we note that the father had filed an affidavit in opposition to a motion to dismiss prior to the mother’s request for admissions. This affidavit directly contradicted many of the facts “admitted” by the father. A Rule 36 request for admissions may not be used by a party to conclusively establish a fact which is obviously in dispute. Irons v. Le Sueur, 487 So.2d 1352 (Ala.1986); Hatton v. Chem-Haulers, Inc., 393 So.2d 950 (Ala.1980). Thus the trial court properly determined that there was a genuine issue of material fact for the court to decide.
The mother’s request for an attorney’s fee on appeal is denied.
The judgment of the trial court is affirmed.
AFFIRMED.
HOLMES and INGRAM, JJ„ concur.