ROBERTSON, Judge.
This case involves post-divorce proceedings.
The parties were divorced January 20, 1976. The divorce decree ordered, inter alia, the father to pay $125 monthly child support. On March 23, 1983, that part of the decree regarding child support payments was modified at the father’s request. At that time, the father was suffering a layoff and was without income. The modification suspended monthly payments until the father received unemployment compensation or returned to work. On October 31, 1986, the mother filed a petition for modification and a petition for a rule nisi alleging that the father had intentionally failed to pay child support obligations.
After an ore tenus proceeding, the trial court determined that the father was not in contempt of court but was in arrears $250 for unpaid child support and entered a judgment in favor of the mother for that amount. After receiving arguments and briefs, the trial court denied the mother’s motion for reconsideration, and she appeals.
The issues the mother raises on appeal are (1) whether the trial court erred in not finding a larger arrearage due to the father’s recent recovery of what she terms “a windfall”, and (2) whether the trial court erred in failing to award the mother an attorney’s fee.
I
Initially, we point out that when a trial court receives ore tenus evidence, a presumption of correctness automatically attaches to the judgment, and it will be affirmed when it is supported by competent evidence unless shown to be palpably wrong. Blankenship v. Blankenship, 534 So.2d 320 (Ala.Civ.App.1988). Furthermore, the matters of child support and subsequent modifications rest soundly *937 within the trial court’s discretion and will not be reversed absent a showing that the judgment is so unsupported by the evidence that it constitutes an abuse of discretion. Brannon v. Brannon, 477 So.2d 445 (Ala.Civ.App.1985).
‘The facts reveal that during the period in question, March 1983 through July 1986, the father was employed only six months. He ultimately paid $500, which represents four months’ child support. Also, the child of the parties is no longer a dependent minor.
The mother contends that the “windfall” money the father received in 1987, as a result of winning an arbitration dispute, should be considered income for years past, and, therefore, that he should owe child support from it.
The trial court had before it evidence concerning the father’s employment status during the questioned period and determined that under the terms of the 1983 modification he was only responsible for child support payments for six months. The evidence in the record supports the trial court’s judgment; therefore, we must affirm.
II
The mother also contends that the trial court erred in failing to award her an attorney’s fee. However, she fails to cite any authority supporting her position; therefore, we must affirm the trial court. Rule 28, Alabama Rules of Appellate Procedure, Barnhill v. Barnhill, 516 So.2d 725 (Ala. Civ.App.1987). Even so, attorney’s fee awards are matters within the discretion of the trial court. Lutz v. Lutz, 485 So.2d 1174 (Ala.Civ.App.1986).
The mother’s request for an attorney’s fee on this appeal is denied.
This case is due to be affirmed.
AFFIRMED.
INGRAM, P.J., and RUSSELL, J., concur.