This is a divorce case.
After 22 years of marriage, the husband filed for divorce on the ground of incompatibility, and the wife counterpetitioned. After an ore tenus proceeding, the trial court entered a final judgment of divorce on September 8, 1989. There were no children of the marriage and no provisions for support for either party were ordered; however, a property division was ordered. An exchange of letters involving both counsel and the trial judge, seeking clarification of the judgment regarding the savings accounts, resulted in the issuance of a supplemental order on September 22, 1989. The wife appeals.
The wife raises several issues on appeal concerning the division of marital assets. The dispositive issue is whether the trial court abused its discretion in the property division, particularly regarding certain assets the wife claimed to be her separate property.
We note that our review in cases where the judgment is based on ore tenus evidence is very limited. The judgment is presumed correct and will be reversed only for an abuse of discretion that is so unsupported by the evidence as to be plainly and palpably wrong. Blankenship v. Blankenship, 534 So.2d 320
(Ala.Civ.App. 1988). Additionally, the division of marital property is a matter that rests soundly within the discretion of the trial court. Brannon v. Brannon, 477 So.2d 445 (Ala.Civ.App. 1985).
We have held that the separate estate of a wife is that "[p]roperty over which a wife exercises exclusive dominion and control and from which the husband is excluded, having derived no benefit therefrom by virtue of the marital relationship. . . ." Wren v. Wren, 482 So.2d 1219, 1221 (Ala.Civ.App. 1985).
The wife contends that she held assets which she claims constituted her separate property within the meaning of Code 1975, § 30-2-51 and § 30-4-1 (1989 Repl.Vol.), that should not have been utilized in the calculation of the marital estate, nor divided between the parties. Specifically, the wife claims monies in the form of certificates of deposit and bank accounts. She claims she acquired these assets prior to the marriage as a result of her first husband's death, and from her own earnings during the course of this marriage. She claims she held these assets on her own, completely separate of the marital assets. *Page 980 
The record reveals that the wife was previously married and has a daughter by that marriage. At the first husband's death, the wife inherited monies, a house, and a half interest in a business. The wife has continued to work in the business and is approaching retirement. The business interest, which has grown over the duration of this marriage, remains with the wife. The house the wife inherited was utilized as the marital residence in this marriage, then deeded to the daughter when the parties built a new home.
There was conflicting testimony regarding what assets each party contributed to the marriage, and what financial contribution each party made during the marriage. It is undisputed that the wife handled the financial affairs of the marriage. The husband turned his income over to the wife, and she commingled their funds by depositing checks in the several joint accounts utilized during the 22 years of marriage. The wife wrote checks from the accounts for day to day living expenses as well as investments and savings. There was testimony that the wife had a good sense of business and that the husband completely trusted her judgment with regard to the financial affairs of the marriage.
There was evidence that some of the monies the wife inherited were utilized to support and care for the daughter, as well as set up a trust fund for her benefit. It is clear from the record that some of the inheritance which was held separate for the benefit of the daughter was not divided by the trial court. However, it is equally clear that some of the inheritance was utilized regularly during the marriage for the common benefit of the parties. The record is replete with evidence that the assets accumulated during the marriage were purchased with commingled funds, and most were held in both names.
The wife argues here that her inheritance and earnings were necessary for support and maintenance of the parties because the husband's income was primarily utilized on his various unsuccessful farming ventures. She then argues that her inheritance and marital earnings were her separate estate. Determination of a wife's separate estate is for the trial court after reviewing the evidence. Wren, supra.
Clearly, here there was ample evidence to support the determination that the assets the wife claims as separate were, in fact, marital assets, after having been purchased with commingled funds and utilized for the benefit of both parties to the marriage for over 20 years. Therefore, we find that the trial court did not abuse its discretion in the property division, and its judgment is due to be affirmed.
AFFIRMED.
INGRAM, P.J., and RUSSELL, J., concur.