RUSSELL, Judge.
This case originated by way of a petition for rule nisi filed by Ollie Gene Myers, Jr. (father), requesting that the trial court require Phyllis Marie Russo (mother) to show cause why she should not be held in contempt for violating the decree granting child custody to the father. The trial court found the mother to be in contempt of court for failure to return the child of the parties to his father as required by the order of the trial court and committed the mother to jail until such time as she turned over possession of the child to his father. The mother was incarcerated and filed numerous motions seeking relief, all of which were denied by the trial court. She then appealed the denial of her motions to this court. We affirm.
*888 The dispositive issue is whether the trial court had jurisdiction to enter and enforce the contempt order or whether a Florida trial court had jurisdiction to enter orders stating that the child was not to be removed from its jurisdiction.
The record reveals that the parties were divorced in Walker County, Alabama, on January 21, 1987, and the mother was granted custody of the child. The mother moved to Florida, where she and the child have continued to reside. The father has continued to reside in Alabama. The mother was subsequently held in contempt several times by the trial court for violating the visitation provisions. On June 24,1988, a default judgment was entered by the trial court, giving custody of the child to the father after the mother neither answered the father’s petition to modify nor appeared in court. On June 28, 1988, the mother was found to be in contempt for failure to turn physical custody of the child over to his father. On November 28, 1988, the trial court again found the mother to be in contempt for failure to return the child to the father.
The mother subsequently filed a petition for modification in the Florida court. In December 1988, the Florida court held that it had jurisdiction in the case based on the Uniform Child Custody Jurisdiction Act and ordered that the child remain within the court’s jurisdiction until further order of the court.
In April 1990, the mother returned to Alabama. The Walker County Sheriff’s Department then executed on the November 28, 1988, contempt order by arresting the mother and placing her in the Walker County jail. In addition to appealing the trial court’s denial of her motions for relief, the mother filed with this court a petition for writ of certiorari or, in the alternative, for writ of mandamus or, in the alternative, for writ of prohibition or, in the alternative, petition for other extraordinary relief. She is presently out of jail on bond by order of this court.
The mother contends that the trial court erred in holding her in contempt for failing to deliver the child to the father because, she alleges, the father had submitted to the jurisdiction of the Florida court and the Florida court had ordered that the child was not to leave the state, thereby making it impossible for her to comply with the order of the trial court.
In determining questions of jurisdiction in interstate child custody cases, we must look to the Parental Kidnapping Prevention Act (PKPA), 28 U.S.C.A. § 1738A (West Supp.1990), and Alabama’s Uniform Child Custody Jurisdiction Act (UCCJA), §§ 30-3-20 through -44, Ala.Code (1975). In areas of conflict between the two on matters of jurisdiction, the federal provision, the PKPA, prevails. Blankenship v. Blankenship, 534 So.2d 320 (Ala.Civ.App. 1988).
The PKPA, 28 U.S.C.A. § 1738A, provides, in pertinent part, as follows:
“(a) The appropriate authorities of every State shall enforce according to its terms, and shall not modify except as provided in subsection (f) of this section, any child custody determination made consistently with the provisions of this section by a court of another State.
[[Image here]]
“(f) A court of a State may modify a determination of the custody of the same child made by a court of another State, if—
“(1) it has jurisdiction to make such a child custody determination; and
“(2) the court of the other State no longer has jurisdiction, or it has declined to exercise such jurisdiction to modify such determination.”
(Emphasis supplied.)
Therefore, in order to modify the custody determination of the Alabama court, the Florida court must not only have jurisdiction to make such a determination, but the Alabama court must either no longer have jurisdiction or must have declined to exercise such jurisdiction. Clearly, the trial court has not declined to exercise jurisdiction over this matter; so we must now determine whether the jurisdiction of the trial court continues.
Under the PKPA, if the original child custody determination was entered in ac *889 cordance with the act, and all indications in the present case are that the custody determination was so entered, then the original court retains continuing jurisdiction and the exclusive right to modify as long as the child or one of the parties remains a resident of that state, PKPA, 28 U.S.C.A. § 1738A(d), and other states are required to enforce that decree and generally cannot modify such an order. PKPA, 28 U.S.C.A. § 1738A(a); In re McBride, 469 So.2d 645 (Ala.Civ.App.1985).
While we sympathize with the plight of the mother in this instance, we must find that the trial court retains continuing jurisdiction and the right to modify. As we noted earlier, the father has remained a resident of this state, and the Alabama trial court has not declined to exercise jurisdiction. Consequently, the Florida court is required to give full faith and credit to the Alabama decree and is powerless to modify the order of the trial court.
In view of the above, the trial court is due to be affirmed, and the mother’s other requests for relief are denied.
AFFIRMED.
INGRAM, P.J., concurs.
ROBERTSON, J., dissents.