I respectfully dissent to that portion of the majority opinion regarding the property division.
The judgment in this case is based on ore tenus evidence, which carries a presumption of correctness, and will be affirmed when it is supported by competent evidence, unless shown to be palpably wrong.Blankenship v. Blankenship, 534 So.2d 320 (Ala.Civ.App. 1988). Although the trial court made no specific finding of fault, it is clear from the record that the trial court considered the conduct of the parties in making its property division. The record contains testimony from the husband and his brother that the husband conveyed real property to his brother for a minimal amount just prior to the divorce in an effort to eliminate any interest the wife would have in the property. Further, while adultery was not pursued as an issue, there was testimony and some stipulations by the parties regarding the living arrangements and questionable conduct of the husband when he left the wife. Such factors are proper for the trial court to consider. Weatherly, supra. The law requires that the property division be equitable under the circumstances.Weatherly, supra. The *Page 1381 
trial court has much discretion in the matter of property division and absent an abuse of that discretion, we will not substitute our judgment for that of the trial court. Brannon v. Brannon,477 So.2d 445 (Ala.Civ.App. 1985). In light of the attendant presumption of correctness accompanying the judgment of the trial court and the evidence in the record supporting that property division, I believe that the trial court's judgment regarding the property division should be affirmed. Consequently, I must respectfully dissent to that portion of the majority opinion.