ROBERTSON, Presiding Judge.
The parties were divorced in September 1991 by decree of the Circuit Court of St. Clair County, Alabama. The Alabama decree awarded custody of the parties’ then two-year-old child to the mother, with the father to have alternate weekend visitation.
In October 1991 the mother moved to California with the child. On March 26, 1992, the father filed a petition in the Circuit Court of St. Clair County, requesting that visitation with the child be modified. The mother was properly served by a process server in California. The mother petitioned the California Superior Court, Ventura County, to take jurisdiction of the matter of visitation, which had been put at issue in the petition for modification filed by the father.
The mother filed an answer to the father’s petition in Alabama, admitting certain allegations and denying certain allegations. The mother subsequently filed a motion to dis *460 miss the father’s petition due to a lack of personal jurisdiction. This motion was denied.
Following an ore tenus proceeding, the trial court granted the father’s petition to modify, awarding him visitation from October 1, 1992, until December 31, 1992. The trial court also awarded the father extended visitation during Thanksgiving and Christmas holidays and extended visitation every summer, commencing in 1993.
The mother filed a motion for a new trial, which was heard and denied.
The mother appeals, contending that the state of Alabama, including the Circuit Court of St. Clair County, did not have jurisdiction of the issue of visitation, that the Alabama court declined jurisdiction, and that the Alabama court did not have personal jurisdiction over the mother.
When considering questions of jurisdiction in such cases, we look to the Parental Kidnapping Prevention Act (P.K.P.A.), 28 U.S.C.A. § 1738A (West Supp.1993), and to Alabama’s Uniform Child Custody Jurisdiction Act (U.C.C.J.A.), §§ 30-3-20 through - 44, Code 1975. Should these statutes conflict in areas concerning jurisdiction, the P.K.P.A. preempts Alabama’s U.C.C.J.A. Blankenship v. Blankenship, 534 So.2d 320 (Ala.Civ. App.1988). In Blankenship we stated: “Alabama courts have continuing jurisdiction over custody matters if the initial custody determination was made in compliance with the federal law and either the child or any contestant still resides in Alabama.” 534 So.2d at 321 (citation omitted).
The mother makes no contention that the trial court did not comply with the provisions of the P.K.P.A. She does contend, however, that neither she, nor the child, nor the father is a resident of Alabama.
The father testified that he resides, receives his mail, and receives his disability checks at his mother’s house in Birmingham, Alabama. He also holds an Alabama driver’s license. The trial court found that the father had remained a resident of Alabama. In view of the uncontradicted evidence of the residency of the father, we conclude that there was sufficient evidence to support the trial court’s finding that the father continued to reside in Alabama. Therefore, the Alabama court had continuing jurisdiction over the visitation matter. Blankenship.
The mother also maintains that the trial court declined jurisdiction of the matter, thus precluding jurisdiction from being proper in Alabama under the P.K.P.A. In order to demonstrate that the Alabama court declined jurisdiction, the mother merely offered a letter written by the judge of the Superior Court of Ventura County, California, in which the California judge confirms an alleged telephone conversation between him and the trial judge in this case regarding the parties’ dispute. In the letter the California judge stated that he would assume jurisdiction over the visitation and custody matters involved in the Mewbourne dispute. The mother offered no other proof which would demonstrate that the trial judge in this case had declined jurisdiction. The trial judge’s actions indicate that he had not declined jurisdiction. We cannot hold that the trial court erred in this matter by exercising jurisdiction of the visitation and custody issues.
The mother next contends that the Alabama court improperly exercised personal jurisdiction over her. Rule 4.2(a)(2)(A)-(I), A.R.Civ.P., provides that an appropriate basis for service of process on an out-of-state resident is established when it is shown that the nonresident has had contacts with Alabama and that it would be fair and reasonable to require the nonresident to come to Alabama to defend an action. The nonresident must also be given reasonable notice of such action. Wells v. Wells, 533 So.2d 606 (Ala.Civ.App.1987). The mother lived in a marital relationship within Alabama and was divorced in Alabama. We also note that the mother filed an answer to the petition and submitted herself to the jurisdiction of the Alabama court.
The mother also asserts that Rule 4.2, A.R.CÍV.P., does not include the issue of visitation, which is the issue at hand. However, we find no merit in this argument. Lewis v. Winslow, 587 So.2d 1006 (Ala.Civ.App.1991). *461 The judgment of the trial court is affirmed.
AFFIRMED.
THIGPEN and YATES, JJ., concur.