ROBERTSON, Presiding Judge.
Following an ore tenus proceeding, the trial court entered a judgment divorcing James F. Hall and Ruth Ann Hall. The court awarded the wife $25,000 as alimony in gross; awarded the parties those IRAs, stocks, bonds, and bank accounts in their respective names; and ordered that the parties’ real property (which included the marital residence, an adjoining garage apartment, 7.67 acres of undeveloped property, and a house in Oklahoma owned by the husband before the marriage) be sold and the proceeds divided equally. The court also awarded the parties the personal property that each had owned before the marriage; awarded each party an automobile; and ordered the husband to pay the debts of the parties incurred before their separation.
The husband appeals, contending that the trial court erred in awarding the wife alimony in gross and dividing the property.
Our review in cases where the judgment of the trial court is based on ore tenus evidence is very limited. Beck v. Beck, 564 So.2d 979 (Ala.Civ.App.1990). In such a case, the judgment of the trial court is presumed correct and will be affirmed when it is supported by competent evidence, unless it is shown to be plainly and palpably wrong. Blankenship v. Blankenship, 534 So.2d 320 (Ala.Civ.App.1988).
*1052 The record reflects that before the marriage the husband had lived in Oklahoma and had purchased a house and lot in Altus, Oklahoma. Also before the marriage, the husband had purchased property in Anni-ston, Alabama. A house was built on the Anniston property, and that house later became the marital residence. A garage apartment was built next door to the marital residence, and that apartment was used as rental property. After the marriage, the parties purchased approximately 7.67 acres of undeveloped property.
Section 30-2-51, Ala.Code 1975, states:
“If either spouse has no separate estate or if it be insufficient for the maintenance of such spouse, the judge, upon granting a divorce, at his discretion, may order to such spouse an allowance out of the estate of the other spouse, taking into consideration the value thereof and the condition of the spouse’s family; provided, however, that the judge may not take into consideration any property acquired prior to the 'marriage of the parties or by inheritance or gift unless the trial judge finds from the evidence that such property, or income produced by such property, has been used regularly for the common benefit of the parties during their marriage.”
(Emphasis added.)
The record contains ample evidence supporting the trial court’s award of alimony in gross and the division of the proceeds from the sale of the marital residence, the 7.67 acres of land, and the house and lot in Altus, Oklahoma; the evidence indicates that all of those properties were used for the common benefit of the parties during their marriage. Therefore, the judgment of the trial court is supported by competent evidence and is not plainly and palpably wrong.
The judgment of the trial court is hereby affirmed.
AFFIRMED.
THIGPEN and YATES, JJ„ concur.