On March 1, 1993, after hearing ore tenus evidence, the trial court divorced the parties. The court awarded to the wife periodic alimony, alimony in gross, various items of personal property, continued health insurance coverage, and an attorney fee. The trial court granted the wife a lien on the husband's real and personal property to ensure payment of the alimony in gross. The husband appeals, contending that the trial court abused its discretion: 1) in placing a lien on his property; 2) in awarding alimony to the wife, who he says had committed adultery; and 3) in making findings that he argues were not supported by the evidence.
The legal principles concerning divorce are well settled. Our review is limited where the judgment of the trial court is based on findings made from evidence presented ore tenus.Beck v. Beck, 564 So.2d 979 (Ala.Civ.App. 1990). A judgment based on such findings is presumed correct and will be affirmed if it is supported by competent evidence, unless it is shown to be plainly and palpably wrong. Blankenship v. Blankenship,534 So.2d 320 (Ala.Civ.App. 1988).
The court awarded the wife $750,000 as alimony in gross, to be paid over 120 months. The court ordered:
 "[T]o secure the payment of the alimony in gross provided for in this section, the [wife] is hereby granted a specific lien [on] all real property or any interest in real property which the [husband] may have at the present time or [that is] acquired by him at any time in the future, together with a lien on all of the [husband's] stock shares in Gibbs and Son's Machinery, Inc., Gibbs Racing, Inc., as well as stock shares in Silver Lakes Developers, Inc. and the First Bank of Boaz. Furthermore, the [wife] is granted a specific lien [on] any personal property, contract rights and accounts receivable presently owned by the [husband] or to which he is entitled, or any personal property, contract rights, or accounts receivable . . . which he may hereafter acquire or become entitled [to].
". . . .
 "Furthermore, as an additional measure to secure the payment of the alimony in gross provided for herein, the Court does hereby specifically retain jurisdiction over this cause to the extent that the [husband] is hereby enjoined from selling or disposing of any assets in his name individually without permission of this Court, and he is further restrained and enjoined from permitting the corporations which he controls through his majority ownership from transferring or disposing of any property without permission of this Court except in the ordinary course of business and under such circumstances as would not affect the net worth of any such corporation."
Alternatively, the order included a provision whereby the husband could opt to pay to the wife, within 30 days of the date of the order, a lump sum of $625,000 as alimony in gross.
The husband first argues that the imposition of a lien against his property and an injunction limiting his financial dealings to secure payment of alimony to the wife was an abuse of discretion. Our courts have consistently upheld such liens to ensure that a spouse receives alimony. See, Robinson v.Robinson, 381 So.2d 637 (Ala.Civ.App.), cert. denied,381 So.2d 641 (Ala. 1980).
There was extensive testimony that the husband had manipulated his business affairs after the parties began having marital difficulties, and particularly after the divorce action was initiated. Conflicting financial statements show that the husband's net worth went from $6.3 million in 1987 to $1.8 million, or to $2.4 million, at the time of trial in 1991. The trial court, after observing the parties and judging their credibility, deemed it necessary to protect and secure the wife's award of alimony in gross. We cannot say that the trial court abused its discretion in imposing a lien.
The husband next contends that the trial court abused its discretion in awarding to the wife periodic alimony and alimony in gross, when the wife was young and in good health. Additionally, he argues that in awarding alimony to the wife the trial court erred by "ignoring the uncontroverted evidence of the wife's adultery."
A trial court does not have to base its division of marital property on one party's *Page 302 
adultery, unless the failure to do so would be palpably wrong in light of extensive evidence of adultery. Ex parte O'Daniel,515 So.2d 1250 (Ala. 1987). The husband testified that in 1986 he contracted a venereal disease from his wife; however, further testimony revealed that the parties later reconciled and again lived together as husband and wife.
The divorce judgment does not contain a finding of adultery, although, even if the trial court had found the wife guilty of adultery, that finding alone would not prohibit an award of alimony. The trial court may consider other factors in making its award, including the ages and health of the parties; the earning capacity of the parties; their future prospects; the parties' standard of living; the length of the marriage; the value, source, and type of property to be divided; and the conduct of the parties that led to the divorce. Brannon v.Brannon, 477 So.2d 445 (Ala.Civ.App. 1985). The record includes ample evidence regarding those factors. We note that there was evidence of extensive physical abuse of the wife by the husband. The trial court granted the wife "a divorce against the [husband] on . . . the grounds of . . . actual physical cruelty." We are not persuaded that the trial court abused its discretion in awarding alimony notwithstanding the evidence of adultery.
The husband further argues that the award of $3,600 per month as periodic alimony constituted an abuse of discretion. We disagree. The purpose of periodic alimony is to preserve the economic status of the parties as it existed during the marriage. Carnaggio v. Carnaggio, 475 So.2d 861 (Ala.Civ.App. 1985).
The parties were married on July 18, 1980. This was the second marriage for both. No children were born of the marriage; however, the wife had two minor children from her previous marriage, who, for the most part, lived with the parties. Throughout the marriage, the husband supported the wife and her two children. They enjoyed expensive clothing, gifts, jewelry, and household furnishings, and they traveled extensively in private jets.
The husband, a businessman, had accumulated many assets before the marriage. Those assets, together with others acquired after the marriage, made his net worth in excess of $6 million as of December 1987. Before the marriage, the wife, a licensed cosmetologist, owned and operated a beauty salon. After the marriage, she ceased working at her salon, sold the business, and allowed her cosmetology license to expire.
There was sufficient evidence in the record to support the trial court's award of alimony. Moreover, in view of all of the evidence, including evidence of physical abuse of the wife by the husband and evidence of a disparity between the incomes of the parties, we cannot say that the award of periodic alimony was plainly and palpably wrong.
Finally, the husband contends that the trial court awarded alimony from property that was acquired before the marriage, and he argues that the trial court's findings of fact were unsupported by the evidence. We have carefully reviewed the record and have studied the lengthy and detailed order of the trial court. We find this argument to be without merit.
Based on the foregoing, the judgment of the trial court is affirmed.
AFFIRMED.
THIGPEN, J., concurs.
ROBERTSON, P.J., dissents.