ROBERTSON, Presiding Judge.
This is a child custody modification case.
Johnny Pittman and Betty Dean Pittman were divorced by the Jackson County Circuit Court on May 7, 1992. Pursuant to an agreement between the mother and the father, the mother was granted custody of their minor daughter and was awarded child support.
On March 23, 1993, the father filed a petition to modify, seeking custody of the minor child and seeking child support. On June 14, 1993, the father filed an application, with a supporting affidavit, to the court clerk for the entry of a default against the mother for her failure to plead, answer, or otherwise defend. That same day the court clerk entered a default against the mother. On August 2, 1993, the father filed a motion for a final judgment awarding him custody of the minor child. On August 3, 1993, the trial court entered a judgment immediately transferring custody of the minor child to the father. The trial court awarded the mother reasonable visitation with the minor child and ordered the mother and the father to file income affidavits with the court to enable the court to determine the mother’s child support obligation.
On August 9, 1993, the mother filed a motion to set aside the judgment. Following a hearing on the mother’s motion, the trial court entered an order on August 13, 1993, setting aside the August 3, 1993, judgment. The trial court awarded the father temporary custody of the minor child and awarded the mother visitation with the child on alternating weekends. The trial court set the case for a final hearing on October 13, 1993.
On October 12, 1993, the mother filed a motion to transfer jurisdiction of the cause to Marion County, Tennessee, alleging that both she and the father lived in Tennessee and that Jackson County, Alabama, was an inconvenient forum for the purposes of making a custody determination. The mother’s motion was denied on October 13, 1993.
*471 Following an ore tenus proceeding on October 13, 1993, the trial court entered a judgment on October 18, 1993, awarding the father custody of the minor child and awarding the mother certain visitation rights. On November 15, 1993, the mother filed a motion to vacate the October 18, 1993, judgment, because, she alleged, among other things, a petition to modify the judgment of divorce was pending in the Circuit Court of Marion County, Tennessee, at the time the father filed his petition to modify. She also alleged that pursuant to § 30-3-23, Ala.Code 1975, the trial court lacked jurisdiction over the issue of custody. That same day, the mother also filed a motion for a new trial. Following a hearing on the mother’s motions, the trial court entered an order on February 1, 1994, denying them.
The mother appeals, raising one issue: whether the trial court had jurisdiction pursuant to the Parental Kidnaping Prevention Act (P.K.P.A.), 28 U.S.C. § 1738A, and Alabama’s Uniform Child Custody Jurisdiction Act (U.C.C.J.A.), §§ 30-3-20 through -44, Ala.Code 1975.
In its February 1, 1994, order, the trial court stated:
“The jurisdictional [argument] is that under the Alabama Uniform Custody Act, § 30-3-20 et seq., Ala.Code 1975, and the Federal Parental Kidnapping Prevention Act, 28 U.S.C. § 1738A, Alabama did not have jurisdiction to try this case because all of the parties, including the child, resided in Tennessee at the time the action was filed. [Betty Dean Pittman] contends this is jurisdictional and cannot be waived and that the order is absolutely void_ [Betty Dean Pittman’s] counsel ... filed a motion to transfer the case to Tennessee on the grounds of convenience of the parties. There was no question about this since Marion County, Tennessee, which would have been the appropriate Tennessee jurisdiction, is only 30 minutes from Scottsboro [in Jackson County, Alabama].
“No proof was offered on the motion, and in fact, it was stated, without objection, that the parties were present in a court in Marion County, Tennessee, to enforce a support order that had been entered by this court, and the Tennessee judge announced that he was not dealing with any issue other than enforcement of support and that the custody matter would be tried in Alabama, and this was concurred in by [Betty Dean Pittman’s] attorney who was present at this hearing.
“No evidence has yet been offered on the motion itself, although the court did hear evidence touching on the residence question during the trial in chief of the petition.
“Based upon this evidence, it appeared to the court that [Betty Dean Pittman’s] residence was of a scrambling nature between Alabama and Tennessee.
“There was no clear showing that [Betty Dean Pittman] was a resident of Tennessee before the commencement of the trial, and it is still questionable after trial.
“This issue was not waived, but [Betty Dean Pittman] contends at this time, that since it is jurisdictional, it cannot be waived, nor can jurisdiction be conferred on this court by waiver or agreement or by action of any other court.
“This requires an interpretation of the meaning of the word ‘jurisdiction’ as used in the state and federal statutes. It clearly does refer to jurisdiction of the subject matter, rather than of the person. Blankenship v. Blankenship, 534 So.2d 320 (Ala. Civ.App.1988).
“The term ‘jurisdiction’ can have many meanings. It is used quite interchangeably with the term ‘venue.’ In its basic sense, it is a question of whether the court has any power or authority to act in the matter at all, to the extent that any actions are totally and forever void. Neither the federal, nor the state, statute defines the term ‘jurisdiction.’
“Section 30-3-21, Ala.Code 1975, sets out [that] the general purpose of the article is to avoid jurisdictional competition and conflicts with other states in matters of child custody; to promote cooperation with the courts of other states to the end that a custody decree [be] entered in that state which can best decide the case in the interest of the child; and insure that litigation takes place ordinarily in the state with *472 which the child and family have the closest connection and where significant evidence is most readily available, and that courts of this state decline the exercise of jurisdiction when the child and his family have a closer connection with the other state....
“It appears to this court that the purposes of these statutes are to determine priority of jurisdictions rather than the very basic question of jurisdiction itself. This is evidenced by the provisions of the Alabama act that provides that the Alabama court having entered the original decree may continue to exercise jurisdiction in emergency situations or when no other state has jurisdiction or is exercising jurisdiction.
“This court hereby finds that it did have jurisdiction to try this matter and that its actions were not void for want of jurisdiction....”
Our review in cases where the judgment of the trial court is based on ore tenus evidence is very limited. Beck v. Beck, 564 So.2d 979 (Ala.Civ.App.1990). In such a ease, the judgment of the trial court is presumed correct and will be affirmed when it is supported by competent evidence, unless it is shown to be plainly and palpably wrong. Blankenship v. Blankenship, 534 So.2d 320 (Ala.Civ.App.1988).
This court has held: “Alabama courts have continuing jurisdiction over custody matters if the initial custody determination was made in compliance with the federal law and either the child or any contestant resides in Alabama.” Blankenship, 534 So.2d at 321 (citation omitted).
In this case, the trial court held that there was no clear showing that the mother was a resident of Tennessee. In fact, the mother’s testimony discloses that she and the minor child spent a substantial amount of time in Jackson County, Alabama, with the mother’s family. The mother testified that most of her family lives in Jackson County, Alabama; that she “stayed different places when my child has not been present”; and that she spends a lot of time with her family. Also, it is uncontroverted that the Circuit Court of Marion County, Tennessee, did not take jurisdiction over the custody determination, although it did take jurisdiction over the enforcement of the child support ordered in the judgment of divorce.
Based upon our review of the record, we hold that the trial court’s determination that it had jurisdiction of the custody modification is supported by competent evidence.
The judgment of the trial court is hereby affirmed.
AFFIRMED.
THIGPEN and YATES, JJ., concur.