MURDOCK, Justice
(concurring in case no. 1090150 and concurring in part and dissenting in part in case no. 1090179).
I do not see how we can apply the principles explained in Ex parte Liberty National Life Insurance Co., 631 So.2d 865 (Ala.1993), which we purport to apply in Part IV.A. of the main opinion, without deciding — indeed, I think we inherently have decided implicitly, if not explicitly, in Part IV.A. — the issue described in part IV.B. I therefore would extend this Court’s opinion (and it is within our supervisory authority to do so) to fully explain why the Talladega domestic-relations court has the power to issue and enforce its order requiring the parties to act in a manner that avoids diminution of the value of their respective ownership interests in the LLC. Compare Gibbs v. Gibbs, 653 So.2d 300 (Ala.Civ.App.1994), with TenEyck v. TenEyck, 885 So.2d 146 (Ala.Civ.App.2003). I therefore respectfully dissent as to Part IV.B. of the main opinion.
I concur with the main opinion in all other respects.