This is a case involving the modification of a foreign divorce decree.
The parties to the present litigation were divorced on March 8, 1982 by a Nevada divorce decree. At the time of their divorce the parties had two minor sons. The terms of the divorce decree required that the wife be given custody of the minor children, that the husband initially pay the wife $250 per month in child support and that that amount be increased to $300 per month upon the husband's being promoted to the rank of colonel in the United States Air Force. Additionally, the Nevada decree provided that the father was to pay any cost of tuition or related expenses incurred by the parties' sons while attending private schools in Mobile, Alabama.
On December 18, 1985 the wife filed a motion requesting that the circuit court assume jurisdiction over the Nevada divorce decree, a petition for rule nisi, and a petition to modify the prior decree in order to increase child support. At the time of the wife's motion and petitions, the wife, as well as the parties' minor sons, lived in Mobile, Alabama, while the husband lived in Panama City, Florida. The husband was served by certified mail at his residence in Panama City; however, he refused to appear at the hearing on the wife's petition to modify the decree.
On May 8, 1986 the wife's motion to assume jurisdiction, her petition for rule nisi, and her petition to modify the divorce decree were heard in the circuit court. At the close of the hearing the circuit court agreed to assume jurisdiction over the Nevada decree, awarded the wife a judgment of $980.84 representing the amount of expenses and tuition incurred by the parties' minor sons while attending UMS preparatory school in Mobile, Alabama, and modified the Nevada decree to increase child support from $250 to $500 per month. On September 26, 1986, approximately four months after the rendition of the circuit court's decree and order, the husband filed a Rule 60(b)(4) motion alleging that the circuit court lacked personal jurisdiction to entertain the wife's petition for rule nisi as well as her petition to modify the Nevada decree.
After a hearing the trial court overruled the husband's 60(b) motion. Husband appeals.
The dispositive issue on appeal is whether the trial court had personal jurisdiction over the husband at the time it enforced and modified the Nevada decree.
In the present case the father is unquestionably a nonresident of the state of Alabama and was given notice of the action filed against him. We must decide whether the trial court had personal jurisdiction over the husband. Rule 4.2(a)(2)(A)-(I) provides that an appropriate basis for service of process on an out-of-state resident is established when it is shown that the nonresident has had contacts with Alabama such that it would be fair and reasonable to require the nonresident to come to Alabama to defend an action.
Additionally, the existence of personal jurisdiction over a nonresident depends not only on there being sufficient connections with the forum state but also on there being proof that reasonable notice has been given the nonresident of the action filed against him. See, Kulko v. Superior Court,436 U.S. 84, 98 S.Ct. 1690, 56 L.Ed.2d 132 (1978). In Kulko, the United States Supreme Court held that sufficient minimum contacts did not exist between *Page 608 
the nonresident defendant and the forum state because the nonresident had been in the forum state on only two occasions many years before the parties' divorce and, there had been no other contact with the state.
In the present case, however, the evidence adduced at the hearing on the husband's Rule 60(b) motion demonstrates that prior to the parties' divorce and during their separation the wife lived in Alabama with the two minor children. Additionally, the divorce decree specifically provided that the husband would be responsible for the educational and tuition expenses incurred by the children while attending private schools in Mobile. Finally, the evidence reveals that the husband occasionally visited the state in order to see his minor children. While in the state on visits, he would stay in the wife's house and she would move out. We believe that this activity on the part of the husband is sufficient to create the necessary minimum contacts to provide Alabama courts with personal jurisdiction. We, therefore, affirm the trial court's denial of the husband's Rule 60(b) motion.
AFFIRMED.
HOLMES and INGRAM, JJ., concur.