I respectfully dissent. In my view, the majority opinion represents a departure from our prior holding in Wells v.Wells, 533 So.2d 606 (Ala.Civ.App. 1987), cert. quashed,533 So.2d 608 (Ala. 1988). Since "[d]etermining the full reach of jurisdiction necessitates weighing the facts of each case and precludes the use of 'clear-cut jurisdictional rules,' "MacKinnon v. St. Louis Southwestern Railway Co., 518 So.2d 89,91 (Ala. 1987), quoting Burger King Corp. v. Rudzewicz,471 U.S. 462, 486 at n. 29, 105 S.Ct. 2174, 2189 at n. 29,85 L.Ed.2d 528 (1985), it is essential that the facts and circumstances of each case are scrutinized.
In Wells the facts indicate that the husband and wife were married in Texas, subsequently *Page 309 
resided in Alabama, and upon separation the wife moved to Mobile, Alabama, with the parties' two minor children. Three years later the husband obtained a divorce in Nevada, which granted custody to the wife and required the husband to pay the children's expenses of attending private school in Mobile, Alabama. After their divorce the husband occasionally visited the children and stayed at his former wife's home in Alabama. In 1985, upon petition to the Mobile County Circuit Court, the husband was found in contempt for failure to pay the private school expenses and ordered to increase his support obligation.
The husband appealed to this court, arguing that the Mobile County Circuit Court lacked in personam jurisdiction to entertain the wife's petition. This court affirmed, stating that the parties' residence in Alabama while married, the divorce decree's requirement that the husband pay the children's private school expenses "in Mobile, Alabama," plus his visitation with the children in Alabama were sufficient contacts to confer in personam jurisdiction.
The husband petitioned the Alabama Supreme Court for a writ of certiorari. In a five to four decision, a majority of the supreme court quashed the writ as improvidently granted. Justice Maddox, in a lengthy dissent which relied uponKulko v. California Superior Court, 436 U.S. 84, 98 S.Ct. 1690,56 L.Ed.2d 132 (1978), stated that the Mobile County Circuit Court lacked in personam jurisdiction over the husband because there were insufficient contacts between the forum state, Alabama, and the husband, a non-Alabama domiciliary.
My dissent is based upon the factual similarities that exist between our holding in Wells and the case presently before this court. Here, the husband and wife were married in Alabama; they resided in Alabama for three years while married; one of their children was born in Alabama; since their Florida divorce the wife and two children have been domiciled in Alabama, and the husband has visited the children in Alabama once for four days and on three occasions has driven to Alabama to pick up and take the children to Florida for visits.
These facts, when compared to those evident inWells, dictate that the Mobile County Circuit Court had and properly exercised in personam jurisdiction over the husband.
The majority seeks to distinguish Wells on the grounds that in Wells the wife and children moved to Alabama "during the parties' separation prior to the divorce" and that under the Nevada divorce decree the husband was required to pay the expenses of private school for the children in Mobile, Alabama. In my view, these distinctions do not militate against the exercise of in personam jurisdiction over the husband here, but I would only note that the husband here had more "contact" with the state of Alabama than the husband in Wells. Furthermore, as Justice Maddox noted in his dissent, the requirement in Wells
that the husband pay the children's private school expenses was not limited to those expenses incurred in "Mobile, Alabama"; rather the Wellses' divorce decree specifically contemplated that the wife and children may not always live in Alabama and required that the parties negotiate over the necessity of private school in the event the wife and children live in a city other than "Mobile, Alabama."
Last, I would note that the majority does not in detail address the issue of whether the husband, by filing an "answer" without asserting the lack of in personam jurisdiction, should be deemed to have waived the defense. It is quite unclear what effect, if any, this "pleading," submitted by the husband pro se, had upon this issue.
The issue is whether the husband's first "pleading" constitutes a waiver of the jurisdictional question under Rule 12, Alabama Rules of Civil Procedure, or whether Rule 15, A.R.Civ.P., would allow the husband to amend his "pleading." In this instance I would not find a waiver since it is unclear what the first pro se "pleading" entails. I would note further that this issue is presently under consideration by the supreme court. *Page 310 
Because of the foregoing, I must respectfully dissent.