This is a child custody case.
The father and mother were divorced in Missouri. Custody of their child was awarded to the mother, and the father was granted certain visitation rights under the Missouri decree.
Prior to the rendition of the Missouri divorce decree, the mother was transferred to Maxwell Air Force Base in Montgomery, Alabama. She and the parties' son have resided together in Montgomery since the military transfer.
The mother filed a petition to modify and reduce the father's visitation rights, set an arrearage and increase the father's support obligation, and abrogate a requirement in the Missouri divorce decree which entitled the father to have custody of the parties' child should the mother receive an "overseas" military transfer.
The father, a resident of Missouri, filed a motion to stay the Alabama proceedings because modification proceedings were pending in Missouri and the Alabama court did not meet the jurisdictional requirements under the Uniform Child Custody Jurisdiction Act (UCCJA), §§ 30-3-20 through -44, Code 1975. The Alabama trial court denied the motion to stay, finding that: Alabama is the home state of the parties' child; the mother and child have a "significant connection" with Alabama and there is available in this state substantial evidence concerning the child's present and future care; at the time the mother's petition was filed, no other proceedings were pending in any other state; Alabama is a convenient forum to resolve the issues raised in the mother's petition; and the Circuit Court of Montgomery County, Alabama has jurisdiction to dispose of the issues. After a hearing on the merits, the trial court issued an order which, essentially, granted the mother the relief she sought.
The father appeals and asserts that the Alabama trial court did not have jurisdiction under the UCCJA or the Parental Kidnapping Prevention Act (PKPA), 28 U.S.C.A. § 1738A (West 1980).
The Alabama trial court's order denying the father's motion to stay shows that the exercise of jurisdiction in Alabama was based upon § 30-3-23(a)(2). However, where the provisions of Alabama's UCCJA conflict with the provisions of the PKPA, the federal act preempts the state act. See, Blankenship v.Blankenship, 534 So.2d 320 (Ala.Civ.App. 1988).
Generally, under 28 U.S.C.A. § 1738A(a), Alabama must enforce the *Page 323 
child custody determinations of another state. Modification of a sister state's child custody determinations are not allowed except as provided in 28 U.S.C.A. § 1738A(f), which provides:
 "(f) A court of a State may modify a determination of the custody of the same child made by a court of another State, if —
". . . .
 "(2) the court of the other State no longer has jurisdiction, or it has declined to exercise such jurisdiction to modify such determination."
Our review of the record does not disclose any evidence which shows that Missouri had "declined to exercise such jurisdiction to modify such determination." In fact, as the father's motion to stay asserted that a modification petition had been filed in Missouri, the converse would seem true.
It would also appear that Missouri has "continuing" jurisdiction under § 1738A(d) because the Missouri court issued the divorce and initial child custody determination and the father continues to live in Missouri. There is no contention either that Missouri lacked jurisdiction at the time the divorce and initial custody determination was made or that, under the laws of Missouri, it did not have jurisdiction at the time the mother's petition was filed in Alabama. Thus the state of Missouri would have "continuing preferred" jurisdiction.Bloodgood v. Whigham, 408 So.2d 122 (Ala.Civ.App. 1981); seealso, § 30-3-34(a)(1).
The Missouri court retains continuing jurisdiction over any child custody disputes between the parties and the exclusive right to issue a modification as long as the child or one of the parties remains a resident of Missouri and Missouri does not decline jurisdiction. 28 U.S.C.A. § 1738A(f) (West 1980); § 30-3-34, Code 1975.
The father next asserts that the trial court lacked personal jurisdiction over him.
Subsequent to the entry of the interlocutory order determining that the Alabama trial court had jurisdiction to decide the issues, the court entered a final order which: transferred full custody to the mother, increased the father's child support obligation, determined the father to be $180 in arrears in child support, and limited the father's visitation rights.
 "The Due Process Clause of the Fourteenth Amendment operates as a limitation on the jurisdiction of state courts to enter judgments affecting rights or interests of nonresident defendants. . . . [A] valid judgment imposing a personal obligation or duty in favor of the plaintiff may be entered only by a court having jurisdiction over the person of the defendant. The existence of personal jurisdiction . . . depends upon the presence of reasonable notice to the defendant . . . and a sufficient connection between the defendant and the forum State to make it fair to require defense of the action in the forum."
Kulko v. Superior Court, 436 U.S. 84, 91, 98 S.Ct. 1690, 1696,56 L.Ed.2d 132, 140-41 (1978) (citations omitted).
The father raises no issue concerning notice of the suit. However, he asserts that he has not conducted activities within Alabama, nor should the unilateral activity of the mother (moving to Alabama with the parties' child) satisfy the requirement of minimum contacts with Alabama. We agree.Hanson v. Denckla, 357 U.S. 235, 78 S.Ct. 1228, 2 L.Ed.2d 1283
(1958); Burrill v. Sturm, 490 So.2d 6 (Ala.Civ.App. 1986).
The record shows that the parties were married, the mother gave birth to a child, and the parties were divorced in Missouri. The mother and child came to Alabama on military assignment, but the husband has remained a resident of Missouri. We can find no purposeful action by the father in Alabama which would warrant the exercise of personal jurisdiction over him by an Alabama court. The United States Supreme Court said in Kulko that a state's legitimate interest in ensuring the adequate support of children residing within its borders is already being served by a state's adoption of the Uniform Reciprocal Enforcement of Support Act. See, §§30-4-80 through -98, Code 1975. *Page 324 
Each case must be decided upon its own facts. We distinguish this case from Wells v. Wells, 533 So.2d 606
(Ala.Civ.App. 1987). The only similarity is that the mother (in Wells and this case) moved to Alabama before the divorce decree was rendered in the sister state. However, in this case, the mother filed for divorce in Missouri prior to her departure to Alabama. According to the attestation attached, she executed a separation agreement in Missouri after coming to Alabama. She came to this state because of a military assignment.
In Wells the court found that the father had visited Alabama on occasion. In this case the mother testified that since the divorce she and the child have returned to Missouri on three occasions for the purpose of visiting the father. Our search of the record reveals no indication that the father has come to Alabama to exercise his visitation rights, or for any other purpose.
We find no factual basis, tenuous or otherwise, for the assumption by the courts of this state of personal jurisdiction over Terry Sebeniecher. We hold that the trial court erroneously entered personal judgment for child support and attorney's fees against him.
The judgment of the trial court is reversed in its entirety for failure to comply with the requirements of the PKPA and for lack of personal jurisdiction over the father.
The judgment is reversed and the case remanded.
The father's request for costs and attorney's fees is denied.
The foregoing opinion was prepared by Retired Appellate Judge L. CHARLES WRIGHT while serving on active duty status as a judge of this court under the provisions of section12-18-10(e), Code 1975, and this opinion is hereby adopted as that of the court.
REVERSED AND REMANDED.
All the Judges concur.