The parties to this appeal were divorced on January 31, 1984 by decree of the Family District Court of Galveston County, Texas. The Texas divorce decree awarded the custody of the parties' child to the former wife. The former husband was required, in part, to pay $240 per month as child support, and to maintain major medical and hospitalization insurance upon the parties' child.
On August 14, 1989 the former wife filed a petition in the Circuit Court of Lauderdale County, Alabama, seeking, in the main, to increase the amount of the former husband's child support obligation. The former husband filed a motion to dismiss, asserting that he is a resident of Texas, that he also resided in Texas when the parties were divorced, and that Texas has continuing original jurisdiction over the parties.
On December 7, 1989 the Alabama Court entered an order dismissing the former *Page 327 
wife's cause. The order of dismissal stated, in part, as follows:
 "The Court finds that the motion to dismiss is due to be granted since this divorce decree was issued in Texas and since the courts of the State of Texas [retain] jurisdiction of this cause. Therefore the Court declines to accept jurisdiction of this cause and dismisses the cause upon motion of the [former husband]." (Emphasis supplied.)
The dispositive issue here is whether the Alabama trial court properly determined that it was without jurisdiction to enforce, and modify, the provisions of a divorce decree entered by a court of a sister state. We note that the former wife did not use the provisions of the Uniform Reciprocal Enforcement of Support Act, §§ 30-4-80 through -98, Code 1975.
The first question we must answer is whether the Alabama court had in personam jurisdiction of the former husband, who is a resident of Texas.
 "The Due Process Clause of the Fourteenth Amendment operates as a limitation on the jurisdiction of state courts to enter judgments affecting rights or interests of nonresident defendants. . . . [A] valid judgment imposing a personal obligation or duty in favor of the plaintiff may be entered only by a court having jurisdiction over the person of the defendant. The existence of personal jurisdiction . . . depends upon the presence of reasonable notice to the defendant . . . and a sufficient connection between the defendant and the forum State to make it fair to require defense of the action in the forum."
Kulko v. Superior Court, 436 U.S. 84, 91, 98 S.Ct. 1690, 1696,56 L.Ed.2d 132, 140-41 (1978) (citations omitted).
The former husband does not raise any issue concerning the notice of this suit. Instead, he says that the contacts he has had with Alabama are insufficient to compel him to defend a suit in this state.
Since it is not disputed that the former husband has been and is a nonresident of Alabama, we look to Rule 4.2(a)(2), Alabama Rules of Civil Procedure, to decide the efficacy of exercising personal jurisdiction over the former husband. Rule 4.2(a)(2) states, in part:
 "A person has sufficient contacts with [Alabama] when that person . . . is or may be legally responsible as a consequence of that person's
". . . .
 "(H) living in the marital relationship within this state notwithstanding subsequent departure from this state, as to all obligations arising from alimony, custody, child support, or property settlement, if the other party to the marital relationship continues to reside in this state; or
 "(I) otherwise having some minimum contacts with this state and, under the circumstances, it is fair and reasonable to require the person to come to this state to defend an action."
Affidavits, in support and in opposition, were filed after the former husband made a motion to dismiss. The former wife's affidavit states that the former husband moved from Alabama to Texas approximately six months prior to the parties' marriage. She also moved to Texas prior to their marriage. Though the parties were married in Lauderdale County, Alabama, they returned to Texas after the marriage. Therefore, we find that Rule 4.2(a)(2)(H) has no application and does not provide the requisite contacts with the state of Alabama. Neither party continued to reside in Alabama.
We must next determine whether the former husband has "other" sufficient contacts with Alabama (Rule 4.2(a)(2)(I)).
According to the affidavits it appears that, after the parties were married and had returned to Texas to reside, a child was born to them in Texas. The former wife returned to Alabama about two weeks after the birth of the parties' child because the former husband had come into the former wife's recovery room, after she gave birth, and stated that he wanted a divorce and that he did not want to be a father. The former wife has continued to reside in Alabama. The parties were subsequently divorced by order of the Texas court.
The former husband has continuously resided in Texas, has remarried, and has fathered *Page 328 
a child by his second wife. He stated in his affidavit that he has no contact with the state of Alabama except to occasionally visit his child. He pays his child support obligation through the Texas court clerk's office. In October 1989 the former husband came to Alabama for a "family visit" and to take care of some business matters related to his recently deceased father's estate.
In her brief on appeal the former wife relies heavily on the case of Wells v. Wells, 533 So.2d 606 (Ala.Civ.App. 1987); consequently, we must examine the facts in the present case to determine if it is so similar to the Wells case that it will be controlled by Wells. The only factual similarity is that one of the parties (in the Wells decision and in the case at hand) moved to Alabama before the divorce decree was rendered in the sister state. The Texas divorce decree in no way recognizes that the former wife and child would be residing in Alabama, as did the Nevada court in the Wells case. The Texas divorce decree does not refer to the former wife's residence in Alabama. Aside from the former husband's occasional visits to Alabama to visit his child, the record does not reveal any contacts with Alabama that would be sufficient to permit the exercise of in personam jurisdiction over the former husband. We, therefore, conclude that the facts in the present case are distinguishable from the facts in the Wells case and, thus, that Wells cannot be authority for reversing the trial court's decision. The judgment of the trial court is affirmed.
The foregoing opinion was prepared by Retired Appellate Judge ROBERT P. BRADLEY while serving on active duty status as a judge of this court under the provisions of section12-18-10(e), Code 1975, and this opinion is hereby adopted as that of the court.
AFFIRMED.
All the Judges concur.