This is a child custody jurisdiction case arising primarily under the Parental Kidnapping Prevention Act of 1980,28 U.S.C.A. § 1738A (1983 Supp.). *Page 870 
This appeal involves a minor child who has been the subject of several custody proceedings. In the latest proceeding the Circuit Court of Montgomery County declined to exercise jurisdiction on the mother's petition to modify custody.
The mother through able counsel appeals contending the trial court erred to reversal in refusing to exercise jurisdiction. We find no error requiring reversal and affirm.
The record in pertinent part reveals the following:
The parties were married in June of 1977 in Montgomery, Alabama. Their only child, Stephanie, was born May 23, 1978. On February 20, 1979, when the child was eight months old, the parties divorced. Pursuant to the divorce agreement, the father was awarded primary custody of the child and the mother was given reasonable visitation rights.
Apparently because he was in the service, the father allowed his mother, the child's paternal grandmother, to keep Stephanie at her home near Montgomery. The father visited with Stephanie on weekends when he was stationed at Keesler Air Force Base on the Mississippi Gulf Coast. In 1981, when he was stationed in England for seven months, he took Stephanie with him. He also had Stephanie with him when he was stationed in Denver, Colorado. She was with him for the eight months preceding April 28, 1983.
The present appeal stems from the second custody modification action filed with regard to Stephanie. The first action, filed by the paternal grandmother, ended with an order that custody be restored to the father.
On or about April 28, 1983, the father allowed Stephanie to travel with her grandmother back to Alabama. Less than two months later, on June 13, 1983, the grandmother initiated custody proceedings in Elmore County Juvenile Court, alleging that Stephanie's father had abused and/or neglected her while she was in Colorado. In her petition the grandmother alleged that the natural mother's whereabouts were unknown and could not be ascertained after diligent search. On the same day the petition was filed, the Elmore County court granted temporary custody to the grandmother.
On July 20, 1983, the father moved to dismiss the grandmother's petition on jurisdictional grounds, arguing that Colorado was the child's home state. See 28 U.S.C.A. § 1738A
(b)(4). The father's motion was granted and the grandmother appealed, obtaining a stay and temporary custody award from Elmore County Circuit Court. After a September 8, 1983, hearing, in which Stephanie's natural mother was not served, present, or represented by counsel, the Elmore County Circuit Court requested that the appropriate Denver, Colorado court hold a hearing to consider evidence on the grandmother's charges of abuse and neglect. See § 30-3-39, Code 1975 (1983 Replacement Volume).
During the second week of October, Stephanie's natural mother visited Alabama from her home in Connecticut and discovered the pending custody proceedings. Although the mother did not intervene or retain her own counsel, she agreed to accompany the grandmother to the Colorado hearing in order to testify on the grandmother's behalf.
On November 30, 1983, the Colorado court issued its findings, recommending that the custody matter be transferred to Colorado and that actual physical custody of Stephanie be restored to her father, as there was no evidence that Stephanie would be in any danger, either physical or mental, should she be returned to her father's home.
On December 13, 1983, the father moved the Elmore County court for immediate relief in order to obtain custody of Stephanie. On December 15, 1983, the Elmore County court ordered the grandmother to return the child to her father and further ordered that the matter be transferred to the District Court of El Paso County, Colorado. On or before that date, the grandmother turned Stephanie over to her natural mother. The next day the grandmother *Page 871 
attempted to dismiss her action and the mother filed the instant action in Montgomery County Circuit Court. The Elmore County trial court never acted upon the grandmother's motion to dismiss and she did not appeal.
On December 21, 1983, the mother petitioned the Montgomery County Circuit Court for a temporary restraining order enjoining the father from attempting to regain physical custody of Stephanie. The motion was granted December 28, 1983, and on December 30, 1983, the father filed his motion to dismiss based upon Colorado's jurisdiction. As indicated, the Montgomery court granted the motion on January 12, 1984, finding that Alabama lacked proper jurisdiction over the child custody matter.
The next day the mother filed her notice of appeal and obtained a stay pending appeal from this court.
As indicated, the dispositive issue on appeal is whether the trial court erred in refusing to exercise jurisdiction over the instant case.
Under the Uniform Child Custody Jurisdiction Act, §§ 30-3-20
through -44, Code 1975 (1983 Replacement Volume), and the Parental Kidnapping Prevention Act, 28 U.S.C.A. § 1738A (1983 Supp.), even if a state has statutory jurisdiction over a child custody matter, it may decline to exercise its jurisdiction should it be made to appear that another state is the more appropriate forum. Such a decision will not be overturned on appeal, absent an abuse of discretion. Moore v. Perez,428 So.2d 113 (Ala.Civ.App. 1983). Accordingly, the issue in this case is not which was the home state as between Alabama and Colorado, but whether even assuming without so deciding Alabama was the "home state," the Montgomery County Circuit Court abused its discretion in deferring to Colorado.
Viewing the record below with the attendant presumptions afforded the trial court's decision after an ore tenus hearing,see, e.g., Hudson v. Hudson, 404 So.2d 82 (Ala.Civ.App. 1981), this court finds that the following facts support the trial court's action: The father, who is the custodial parent pursuant to the 1979 divorce decree, resides in Colorado. Stephanie lived in Colorado with him for approximately eight months immediately before her grandmother was allowed to bring her back to Alabama. The grandmother within sixty days after the child came to Alabama initiated custody proceedings. The mother was a resident of Connecticut and had returned to Alabama only after the modification dispute had arisen. The abuse and/or neglect which underlies the mother's petition for custody modification was alleged to have taken place while Stephanie lived in Colorado with her father. Any babysitters, teachers, family friends, or health care professionals who could offer testimony about Stephanie's treatment would be found in Colorado. Under these circumstances, we cannot say that the trial court abused its discretion. In fact, it appears the trial court was imminently correct in its action. Hence no error. See Moore, at 113 and Ballard v. Ballard, 444 So.2d 872
(Ala.Civ.App. 1984).
A secondary issue on appeal is whether the trial court erred when it refused to award the mother temporary custody, finding that the preliminary abuse and/or neglect issues had already been resolved adversely to the mother by the Elmore County and Denver, Colorado courts.
Specifically, the mother argues that the Circuit Court of Montgomery County was without authority to enter the following:
 "That Elizabeth Ann (Stevenson) Bruch is ordered to comply with the custody orders of the Circuit Court of Elmore County, Alabama, Case No. DR-83-278, and of the District Court of El Paso County, Colorado, Juvenile Action No. 83-JV-1240."
Clearly, in view of the posture of the case before the Circuit Court of Montgomery County and the facts as indicated, the above portion of the order was appropriate.
The mother had petitioned the Montgomery Circuit Court for custody; the trial *Page 872 
court properly declined jurisdiction; certainly, it could then order the mother or anyone else before the court to comply with the appropriate orders regarding custody. See Owens v. Owens,281 Ala. 239, 201 So.2d 396 (1967), regarding general equity power.
We would note that it is the law of Alabama and presumably that of other jurisdictions that the question of custody of a child is never res judicata. See Burleson v. Burleson, 269 Ala. 637, 114 So.2d 887 (1959). However, we further note that no court looks with favor on repeated litigation. Burleson, supra.
The question of a proper forum is of course another matter.
In view of the above, the trial court's order of January 12, 1984, is affirmed.
The mother's request for an attorney's fee for representation on appeal is denied.
Both parties have filed with this court certain motions regarding the proper record before this court. This court assures all concerned that we have only considered those matters properly presented before the trial court and this court.
The stay previously entered by this court is dissolved.
The trial court is due to be affirmed.
AFFIRMED.
WRIGHT, P.J., and BRADLEY, J., concur.