This petition arises from the trial court's dismissal of a petition for modification. The father filed a petition asking the Alabama court to grant him custody of his two minor children. He also filed an affidavit stating that for the past five years his children have either lived with him in Georgia, Mississippi, or Florida, or with the mother in Oregon. He further stated that there was presently pending a restraining order issued by an Oregon court.
The trial court ex mero motu found from the face of the pleadings filed by the father that "jurisdiction and/or forum conveniens" did not lie properly in Alabama and dismissed the case without prejudice. The father appeals.
The dispositive issue here is whether the trial court erred in dismissing the petition for modification.
The Parental Kidnapping Prevention Act of 1980 (PKPA) states in pertinent part that jurisdiction of a court of a state which has made a child custody determination continues as long as such court has jurisdiction under the laws of such state and such state remains the residence of the child or of any contestant. 28 U.S.C.A. § 1738A(d) (West Supp. 1986).
Here, there is no evidence in the record that either the father, the mother, or the children still reside in Alabama. In fact, it would appear from the pleadings that the mother and children reside in Oregon, while the father has lived in Georgia, Mississippi, or Florida over the past five years. Therefore, we cannot say that the trial court erred in dismissing the petition.
We would further note that under the Alabama Uniform Child Custody Jurisdiction Act (UCCJA), Ala. Code 1975, §§ 30-3-20, et seq., and the PKPA, even if a state has statutory jurisdiction over a child custody matter, it may decline to exercise its jurisdiction should it be made to appear that another state is the more appropriate forum. Such a decision will not be overturned on appeal absent an abuse of discretion.Stevenson v. Stevenson, 452 So.2d 869 (Ala.Civ.App. 1984).
This case is due to be affirmed.
AFFIRMED.
BRADLEY, P.J., and HOLMES, J., concur. *Page 533