This appeal arises from a father's petition for rule nisi and modification of visitation arrangements previously entered pursuant to a divorce decree. Resolution of the appeal requires application of the Parental Kidnapping Prevention Act of 1980 (28 U.S.C.A. § 1738A (West Supp. 1986)) (PKPA).
The mother and father were divorced in Shelby County, Alabama. Pursuant to an agreement incorporated into the divorce, the mother was awarded custody of the parties' two minor children. The father was awarded visitation on alternating weekends, as well as one week during Christmas and one month during the summer.
In December 1986 the father filed a petition for rule nisi and/or for modification of the divorce decree in Shelby County, Alabama. The mother then filed a motion to dismiss, asserting that the Shelby County court lacked jurisdiction over the cause. The court found that it did have jurisdiction of the cause and awarded the father the following visitation: (1) six weeks during the summer; (2) one week during Christmas, starting at 1:00 p.m. Christmas Day; (3) alternating spring holidays; and (4) other *Page 547 
times the father could visit in the children's hometown.
The mother appeals asserting the trial court erred in modifying the decree because the court lacked jurisdiction under both the Uniform Child Custody and Jurisdiction Act (UCCJA) and the PKPA. Specifically, she contends that Texas courts should have jurisdiction in the cause because Texas is now the home state of the children.
We disagree.
At the outset, we believe this case is governed by the PKPA, which provides in pertinent part, as follows:
 "(c) A child custody determination made by a court of a State is consistent with the provisions of this section only if —
 "(1) such court has jurisdiction under the law of such State; and
"(2) one of the following conditions is met:
 "(A) such State (i) is the home State of the child on the date of the commencement of the proceeding, or (ii) had been the child's home State within six months before the date of the commencement of the proceeding and the child is absent from such State because of his removal or retention by a contestant or for other reasons, and a contestant continues to live in such State;
". . .
 "(d) The jurisdiction of a court of a State which has made a child custody determination consistently with the provisions of this section continues as long as the requirement of subsection (c)(1) of this section continues to be met and such State remains the residence of the child or of any contestant."
28 U.S.C.A. § 1738A (West Supp. 1986).
The record evidence reveals that the parties were living in Shelby County, Alabama when they were divorced in 1979. The mother and children did not move to Texas until 1980. Thus, it appears that the Shelby County Circuit Court had jurisdiction over the parties when it divorced them and gave custody of the children to the mother and visitation privileges to the father.
The next question that must be answered is whether the father continues to be a resident of Alabama.
The facts relating to the father's residency or domicile are in sharp dispute; however, there is evidence that the father declared Shelby County, Alabama to be his permanent residence. He maintained bank accounts in the county, had an Alabama driver's license for most of the time in question, testified that he voted an Alabama absentee ballot in 1980, and returned to Shelby County on military leave. During the time that the father was absent from Alabama, he was in the military and was stationed in several states, as well as overseas.
The father testified that while stationed in Florida he attempted to change his residence but was unsuccessful.
When the trial court, sitting without a jury, assumes the role of trier of the facts, it has the duty to resolve the conflicts in the evidence presented to it. Curtis WhiteConstruction Co. v. Butts Billingsley Construction Co.,473 So.2d 1040 (Ala. 1985). Further, the trial court's judgment is presumed correct absent our finding that it is plainly and palpably wrong. Stewart v. Stewart, 354 So.2d 816
(Ala.Civ.App. 1977), cert. denied, 354 So.2d 822 (Ala. 1978).
Based on the above facts, we cannot say that the trial court erred in finding that the father's residency has been in Alabama since the divorce.
In view of our conclusion that the Shelby County Circuit Court had jurisdiction of the parties when it issued the divorce decree in 1979 and that the father continues as a resident of Shelby County, the provisions of the PKPA have been satisfied.
The mother further maintains that Alabama should have declined jurisdiction in this matter, as it is not the appropriate forum for resolving visitation issues. We note that:
 "Under the Uniform Child Custody Jurisdiction Act, §§ 30-3-20 through -44, Code 1975 (1983 Replacement Volume), *Page 548 
and the Parental Kidnapping Prevention Act, 28 U.S.C.A. § 1738A (1983 Supp.), even if a state has statutory jurisdiction over a child custody matter, it may decline to exercise its jurisdiction should it be made to appear that another state is the more appropriate forum. Such a decision will not be overturned on appeal, absent an abuse of discretion."
Stevenson v. Stevenson, 452 So.2d 869 (Ala.Civ.App. 1984) (citations omitted).
The Shelby County Circuit Court thus had the right to find Texas the "more appropriate forum." However, a trial court's decision following the presentation of evidence ore tenus is presumed correct. Stevenson, supra. We may overturn its decision on appeal only upon a showing of an abuse of discretion. Stevenson, supra.
We have reviewed the record and note the following facts: Alabama was the home state of the children at the time of the divorce. The father is still an Alabama resident. The matter before the court is not one of custody modification, but rather visitation modification. Admittedly, if the father had petitioned for a custody change, Texas might possibly be the better forum. Such a conclusion is based on the fact that those persons closest to the children's situation live in Texas. However, as this is a visitation matter with the father still maintaining his Alabama residency, we find the trial court did not abuse its discretion in refusing to decline jurisdiction over this matter.
The judgment of the trial court is affirmed.
AFFIRMED.
HOLMES and INGRAM, JJ., concur.