INGRAM, Presiding Judge.
This appeal arises due to a continuing dispute concerning the father’s visitation with his children. After numerous motions and several hearings, the trial court entered a final order which, in part, found the mother in contempt of court for failing to give the father the children’s telephone number, as previously ordered by the court. We note that the trial court addressed several other issues. However, the mother was found in contempt of court for the above instance only. The mother now appeals to this court.
The mother's first contention on appeal is that Alabama lacks jurisdiction, because, she says, the father was not a resident of Alabama.
At the outset, we note that this court has previously addressed the issue of jurisdiction between the parties. See Whitfield v. Whitfield, 519 So.2d 546 (Ala.Civ.App.1987). There, we held that at that time the father was a resident of Alabama and that jurisdiction was proper. Therefore, any attack by the mother of that decision is not well taken. The question of jurisdiction pertaining to that case is res judicata. See State ex rel. Head v. Head, 506 So.2d 1010 (Ala.Civ.App.1987).
As concerns the issue of jurisdiction in the present case, we likewise find no merit in the mother’s argument. The only evidence properly before the trial court was that the father lives in Columbiana, Alabama. There was no evidence introduced to dispute that fact. Therefore, the trial court properly exercised jurisdiction, since the father resided in Alabama. See Parental Kidnapping Act of 1980 (28 U.S.C.A. § 1738A (West Supp.1986)).
The mother also contends that she should not have been held in contempt, claiming that she was not given any notice of the hearing or afforded an opportunity to be heard. We again find no merit in the mother’s argument.
The mother had been ordered by the court to give the children’s telephone number to the father. This she refused to do. Therefore, the father filed a petition for a rule nisi, requesting, among other things, *1153 that the mother be held in contempt for failure to give him the number as ordered by the court. The testimony reveals that the court ordered the mother to appear in court on a certain date to show cause why she should not be held in contempt of court. The record reveals that the mother was aware of the court’s order to appear in court. In fact, her attorney stated that the mother had read the petition and that they had discussed it at length. Nevertheless, she chose not to appear. As noted above, the court held a hearing and found the mother in contempt of court.
In view of the above, it appears to this court that the mother was given every opportunity to be heard in court. Therefore, she cannot be heard to complain that her due process rights have been violated.
We also point out that the mother refers to the contempt citation as “criminal contempt,” even though it was not specified as such by the trial court. In view of the posture of this case, however, we need not address whether the contempt citation is civil or criminal in nature. However, we do note that clearly there is authority for the use of a criminal contempt citation in domestic relations matters as a means of punishing someone who is disobedient to the orders of the court. Wilson v. Freeman, 402 So.2d 1004 (Ala.Civ.App.1981).
After reviewing the record, as well as the history of this case, we consider it highly advisable that the parties direct their energies toward a compliance with the orders of the trial court and fully cooperate with each other in that regard. If this is done, the order will work to the benefit of all. However, if it is not done, the probabilities are that the parties will be before the trial court again, to the detriment of both parties and also the children. This case is due to be affirmed.
AFFIRMED.
ROBERTSON and RUSSELL, JJ., concur.