L. CHARLES WRIGHT, Retired Appellate Judge.
This is a child custody case.
The parties were divorced in August 1986 in Guam, where the father was stationed with the United States Air Force. The decree awarded joint custody of the two minor children to the parties with physical custody alternating every three months. The father was given the initial custody of the children.
After the divorce the father was transferred to North Dakota. Without the wife’s knowledge or consent, the father took the children to live with his parents in Florence, Alabama. The children lived with the grandparents from late October 1986 to late December 1986. The father then took the children to North Dakota.
From December 1986 to July 1987 the children lived in North Dakota but had extensive visits with their grandparents in Alabama. During this period, the wife— who had moved to Texas — was trying to obtain her three-month period with the children. That provision of the divorce decree was being denied her.
In July 1987, while the children were visiting with the grandparents, the grandparents petitioned the Circuit Court of Lauderdale County to remove custody of the children from their son and his ex-wife and to award custody to them. The petition alleged that the parents were unable to care for the children and that the children were physically present in Lauderdale County. The court entered an order granting temporary custody to the grandparents.
In February and March' 1988 the court held an evidentiary hearing on the petition. It entered an order allowing the mother visitation with the children and setting forth requirements for the mother to obtain custody.
In May 1988 the court held another hearing. It determined at that time that the mother had met the previously established requirements. The court awarded custody to the mother and required the Texas Children’s Protective Services Agency in Harris County, Texas to supervise the mother’s custody.
*926 In October 1988 the grandparents filed a second petition to have custody of the children taken from their mother. Based upon the evidence, the court determined that the custody of the children should remain with the mother.
The present controversy arose in July 1990, when the grandparents filed a third petition to obtain custody of the children. Among other things, the grandparents alleged that the children were being physically and medically neglected and that their psychological well-being had deteriorated. The grandparents also claimed that one child had been sexually abused in Texas by the mother’s boyfriend. Following an evaluation of the evidence, the court entered a preliminary order ordering the mother to prohibit any contact with the minor children and her boyfriend. It further ordered that the allegations be investigated by the Harris County Children’s Protective Service.
In November 1990, while the third petition was still pending, the mother filed a motion to have jurisdiction transferred to Harris County, Texas.
In December 1990 the court declined to exercise further jurisdiction under the Uniform Child Custody Jurisdiction Act by stating that the pending petition filed by the grandparents was predicated on alleged acts of abuse of the children in Texas. In its order the court made the following findings of fact:
“1. The Texas social worker and her supervisor have allegedly been told by the child that the grandfather made her lie about the sexual abuse. Those witnesses are in Texas.
“2. A therapist has interviewed and counseled the child and allegedly can find no evidence of sexual abuse. This witness is in Texas.
“3. The alleged perpetrator is in Texas.
“4. The Texas social worker has investigated multiple allegations of neglect made by the grandparents over the last two and one-half years. She has found each allegation to be false. The results of her investigations and her testimony can be best evaluated in Texas.
“5. The petitioners have alleged that the mother is living with a man. Evidence of the mother’s living arrangements is in Texas.
“6. The petitioners have alleged that the mother has had criminal charges against her in Texas. Evidence of this and the circumstances of these, if any, is in Texas.
“7. The petitioners allege that the mother has not completed a parent training course in Texas as previously ordered. Evidence of this, if any, is in Texas.
“8. The petitioners allege that the children are being neglected and that the mother fails to provide adequate care, nourishment and supervision of the children. Evidence of this, if any, would come from day care operators, teachers, neighbors and the Texas social worker. All these witnesses are in Texas.
“9. The alleged acts of abuse occurred in Texas.
“10. The children have lived in Texas for two and one-half years.”
The father and the grandparents appeal. They contend that the Circuit Court of Lauderdale County erred in refusing to continue to exercise jurisdiction over the custody issue.
Pursuant to the Uniform Child Custody Jurisdiction Act, §§ 30-3-20 through - 44, Code 1975, and the Parental Kidnapping Prevention Act, 28 U.S.C.A. § 1738A (1983 Supp.), a state court may decline to exercise its jurisdiction over a child custody matter, even if that state has statutory jurisdiction, if it appears that another state is the more appropriate forum. Stevenson v. Stevenson, 452 So.2d 869 (Ala.Civ.App.1984). On appeal, this court will not disturb that declination absent an abuse of discretion. Moore v. Perez, 428 So.2d 113 (Ala.Civ.App.1983).
The trial court’s determination that Texas would be the more appropriate forum is supported by the record. As evidenced by the court’s ten specific findings *927 of fact, this court cannot say that the trial court abused its discretion. We consider that the trial court exercised extreme patience in this matter and properly removed itself from the case.
The trial court’s decision to decline jurisdiction and to dismiss the petition for modification is affirmed.
The foregoing opinion was prepared by Retired Appellate Judge L. CHARLES WRIGHT while serving on active duty status as a judge of this court under the provisions of § 12-18-10(e), Code 1975, and this opinion is hereby adopted as that of the court.
AFFIRMED.
All the Judges concur.