The parties were divorced by the Circuit Court of Shelby County, Alabama, in 1989. An agreement, incorporated into a final decree, provided that the parties would share custody of the two minor children born of the marriage, with the principal residence of the children being the residence of the mother. Prior to the filing of the complaint for divorce, the mother and the children moved from the State of Alabama. They have resided in Virginia since September 1989.
In June 1990 the mother filed a petition in the Family Court of Albemarle County, Virginia, to modify the Alabama decree as to the visitation rights of the father. In response to the petition, the father filed a motion to dismiss, alleging that the Virginia court did not have jurisdiction to entertain the matter.
A hearing was held concerning the visitation issue. The father was not present. The court heard testimony from the mother, the children's guardian ad litem, and the children's therapist. The Virginia court, finding that it did have jurisdiction, entered an order terminating the father's visitation rights "until such time as he has undergone a psychiatric evaluation and has shown this court that he is fit to visit with his children and that he would not endanger them if he did so." The order was entered in September 1990.
In September 1991 the father filed a "Petition for Rule Nisi, Petition for Declaratory Judgment, and Petition for Injunctive Relief" in the Circuit Court of Shelby County, Alabama. He alleged that the mother was in contempt of the visitation provisions in the 1989 divorce decree. He requested that the Alabama court "issue an order nullifying and holding for naught any and all orders by the Family Court of Albemarle County, Virginia, and exercise jurisdiction over the issues addressed in the Petition for Rule Nisi. . . ." The mother filed a motion to dismiss, alleging lack of jurisdiction. Following a hearing, the Alabama court granted the mother's motion to dismiss, finding that it lacked jurisdiction to entertain the issue. The father appeals.
Jurisdictional issues concerning interstate child custody cases are controlled by the Parental Kidnapping Prevention Act (PKPA), 28 U.S.C.A. § 1738A (West Supp. 1990), and Alabama's Uniform Child Custody Jurisdiction Act (UCCJA), §§ 30-3-20
through -44, Code 1975. In areas of conflict between the two, the PKPA prevails. *Page 129 Blankenship v. Blankenship, 534 So.2d 320 (Ala.Civ.App. 1988).
Alabama courts have "continuing preferred" jurisdiction over custody matters if the initial custody determination was entered with proper jurisdiction and either the child or either parent continues to reside in Alabama. Blankenship; Sebeniecherv. Corl, 567 So.2d 321 (Ala.Civ.App. 1990).
Pursuant to the UCCJA and the PKPA, a state court may decline to exercise its jurisdiction over a child custody matter, even if that state has statutory jurisdiction, if it appears that another state has jurisdiction and is the more appropriate forum. PKPA, § 1738A(f)(2); UCCJA, § 30-3-27; Stevenson v.Stevenson, 452 So.2d 869 (Ala.Civ.App. 1984);.
The father asserts that the trial court erred in finding that it did not have jurisdiction over the visitation issue. He insists that Alabama has continuing jurisdiction over the matter because he continues to reside in Alabama. He further contends that the Alabama court has not declined to exercise jurisdiction.
There is no dispute that the original order of custody and visitation in the Alabama court was entered with proper jurisdiction and that the father continues to reside in Alabama. Consequently, jurisdiction continues with Alabama. There is no indication in the record that the Alabama court declined to exercise its "continuing preferred" jurisdiction because the Virginia court was a more convenient forum, but rather, the petition was dismissed for lack of jurisdiction. The trial court erred in finding lack of jurisdiction. We, therefore, reverse and remand for the trial court to either hear the petition or, in its discretion, decline to exercise jurisdiction according to statute. PKPA, 28 U.S.C.A. § 1738A; UCCJA, §§ 30-3-26 and -27; Whitfield v. Whitfield,519 So.2d 546 (Ala.Civ.App. 1987).
The foregoing opinion was prepared by Retired Appellate Judge L. CHARLES WRIGHT while serving on active duty status as a judge of this court under the provisions of § 12-18-10(e), Code 1975, and this opinion is hereby adopted as that of the court.
REVERSED AND REMANDED WITH DIRECTIONS.
All the Judges concur.