L. CHARLES WRIGHT, Retired Appellate Judge.
This case began with the judgment of divorce and custody of three minor children granted by the Circuit Court of Mobile County in 1989. There were several ancillary proceedings filed by the parties, which were heard and decided by the court in the years thereafter. By the time the former wife (mother) initiated this most recent proceeding in June 1993, the parties and the children had moved from Alabama and were all residing in the area of Panama City, Bay County, Florida. Though residing in Florida, each party had on more than one occasion returned for hearings and settlement of disputes in the Circuit Court of Mobile County, Alabama.
In April 1993 the former husband (father) filed a petition in the Circuit Court of Bay County, Florida, invoking that court’s jurisdiction on a broad front, to modify the last decree of the Mobile court. His request included the welfare of the minor children and his right of visitation with them. On June 17,1993, the mother, with knowledge of the filing by the father in Florida, filed her petition in Mobile for a finding of contempt of the father for his failure to pay child support as ordered in the divorce decree. On or about the same date, the mother filed her motion in the Florida court to dismiss the father’s petition. She contended that, although living in Florida since 1990, her residence and that of the children remained in Mobile, Alabama, and that she had come to Florida only because her present husband was military and stationed there. Upon his imminent retirement, she, her husband, and the children would return to live in Mobile. She averred that, therefore, Florida had no jurisdiction under the Uniform Child Custody Jurisdiction Act (UCCJA), §§ 30-3-20 through -44, Code 1975. There is no ruling by the Florida court on the filing of either party in our record.
The father filed a motion in the Mobile court to dismiss the petition filed by the mother. He alleged absence of jurisdiction in Mobile because neither the mother nor the children resided in Alabama and because of pending litigation in Florida. He requested oral hearing and argument.
Oral hearing was held on September 13, 1993. The court entered its order dated the same date to the effect that the father’s motion to dismiss was granted, that the mother’s petition for contempt was dismissed without prejudice, that the Circuit Court of Bay County, Florida, was the more convenient forum, and that the parties were to file all other proceedings in that court. It is from that order that the mother appeals.
The mother presents the first issue for review to be that the court erred in dismissing her motion for a finding that the father was in contempt of court on the ground that the court no longer had jurisdiction of the case because of a change of residence of the mother to the state of Florida.
We have set out above substantially the order of the court. The order does not contain the error alleged. It clearly states the reason for dismissal to be that the Florida court is the more convenient forum in which the parties should litigate. It does not deny the jurisdiction of the Mobile court. To have done so would have been error. Once a court obtains jurisdiction of the parties in a divorce action, it maintains that jurisdiction for purposes of modification of its orders as to support or child custody. Hall v. Hall, 524 So.2d 370 (Ala.Civ.App.1988). The exercise of that jurisdiction may be affected in child custody cases according to the provisions of the Alabama UCCJA, or the federal Parental Kidnapping Prevention Act, 28 U.S.C. § 1738A (1988). Under the circumstances of this case, the Mobile court had jurisdiction to determine if the father was in contempt for failing to abide by the prior order for child support. However, it chose not to do so, apparently because the facts indicated that the Florida court was the more convenient forum. Whether, in fact, that determination exceeded the judge’s discretionary authority is not an issue presented in this appeal. We find no error, therefore, as to issue one.
*901 Issue two is whether the court erred in directing all further proceedings to be filed in the Florida court.
We find no reversible error in that part of the order of the court. After the court found the more convenient forum to be in Florida, it was only reasonable to direct any further filings to be placed there. The petition filed by the father in the Florida court contained allegations as to the custody of the children. Such reference to child custody could bring the matter under operation of the UCCJA. The parties and the children are all residing within the jurisdiction of the Florida court. Under these facts, we find it only reasonable for the Mobile court to direct further proceedings to be filed in that court. Even the issue of the failure of the father to pay the Alabama-ordered child support could be litigated before the Florida court, together with the petition of the father. It has in person-am jurisdiction of the father.
We find no error as charged on appeal.
The mother’s request for an attorney’s fee on appeal is denied. The father’s request that we award damages for frivolous appeal, pursuant to Rule 38, A.R.A.P., is denied.
The foregoing opinion was prepared by Retired Appellate Judge L. CHARLES WRIGHT while serving on active duty status as a judge of this court under the provisions of § 12 — 18—10(e), Code 1975, and this opinion is hereby adopted as that of the court.
AFFIRMED.
All the Judges concur.