YATES, Judge.
C. V. petitions for a writ of mandamus directing the Circuit Court of Tuscaloosa County to give full faith and credit to a custody order issued by the Circuit Court of Pinellas County, Florida.
A male child, born March 19, 1996, in Tarpon Springs, Florida, was placed by Adoption By, Choice, Inc. (“ABC”), with M. J. and T. j. (hereinafter referred to as “the prospective adoptive parents”) on March 22, 1996, for purposes of final adoption.
On April 10, 1996, C. V. filed an action against the mother in the Circuit Court of Pinellas County, Florida, asking the court to declare him to be the father of the child. On July 9, 1996, the.Florida court entered an order finding C. V. to be the biological father of the minor child. On November 27, 1996, the Florida court entered an order granting C. V. temporary custody of the child. The court found that ABC was the legal guardian of the child and ordered ABC to retrieve the child from the prospective adoptive parents *250 in Tuscaloosa County, Alabama, and to deliver him to C. V. The prospective adoptive parents were not parties to the action and were allowed no meaningful participation in the Florida action.
On December 16, 1996, ABC moved the Circuit Court of Tuscaloosa County to give full faith and credit to the Florida court’s November 1996 temporary custody order. On January 18, 1997, the prospective adoptive parents moved to intervene in the action; the Alabama court granted their motion and appointed a guardian ad litem to represent the interests of the child. On January 22, 1997, the prospective adoptive parents filed in the Alabama court an independent action for adoption. That case was subsequently consolidated with the other pending matter. On April 15, 1997, following oral .proceedings on ABC’s motion, the Alabama court held that the Florida court had lacked jurisdiction to enter the temporary custody order and that the Florida court had failed to extend constitutional due process to the prospective adoptive parents. The court entered an order refusing to enforce the November 1996 Florida order, indicating that it intended to conduct a hearing on the question of terminating parental rights. Additionally, the court ordered genetic testing to determine the parentage of the child and awarded temporary custody of the child to the prospective adoptive parents.
On July 30, 1997, the Florida court revisited its November 1996 temporary custody order and stayed all proceedings, pending the completion of the Alabama proceedings. In doing so, it stated, in pertinent part:
“18. This Court respectfully disagrees with [the Alabama Court’s] assertion that this Court lacks jurisdiction to make the temporary custody order. Jurisdiction may exist in two different states under the UCCJA; however, the premise of the Act is that it will not be exercised by both.... The Court finds there is no indication on the record that this Court ever contacted the Alabama court in an attempt to resolve the jurisdictional issues. Further, the prospective adoptive parents were never given the opportunity to litigate their claim that the child is legally available for adoption.
“14. The purposes of the UCCJA include avoiding jurisdictional competition and conflict with courts of other states and promoting cooperation between courts of different states. A major goal of the UC-CJA is that custody is determined in the state which is in the best position to decide the case and determine the best interests of the child....
“15. The Court accepts the [mother’s] assertions that to proceed on the paternity action would drain the limited financial resources of the parties and utilize the Court’s judicial resources in entering an Order which would be unenforceable pursuant to [the Alabama court’s] previous ruling. All parties necessary for complete resolution of the issues regarding custody and best interest of the minor child, as the issues are framed at the present time, are properly before the Alabama court. To determine the issue of custody as between the [father] and [the mother] at this time would ignore the fact that third parties are currently exercising custody of the minor child pursuant to a placement for adoption and ignore an Order of the Alabama court, which is properly exercising jurisdiction over the minor child as well as the parties seeking custody. A court may decline to exercise jurisdiction if it finds it is an inconvenient forum and the court of another state is more appropriate....
“16. The Court has great concern regarding the parties’ stipulation to paternity without genetic testing, the fact that no Guardian Ad Litem has been appointed by the Court, and the fact that there is a child who has never resided with either parent and about whom this Court lacks all information as to his best interests regarding placement with either party to this action. This Court feels that the two Courts in which these actions are pending can and should cooperate for the expedient resolution of these very important issues. The life of a young child and the hopes and dreams of several prospective parents hang in the balance. It is in the child’s manifest best interest that his future be judicially resolved at the earliest possible time, with full information and investigation as to which prospective family is entitled to call him their own.”
On July 9, 1997, before the Florida court’s order deferring jurisdiction to the Alabama *251 court, the father petitioned this court for a writ of mandamus, seeking to force the Alabama court to give full faith and credit to the November 1996 Florida order. C. V. insists that, pursuant to the Uniform Child Custody Jurisdiction Act (UCCJA), §§ 30-3-20 through -44, Ala.Code 1975, and the Parental Kidnapping Prevention Act (PKPA), 28 U.S.C.A. § 1738A (1983 Supp.), Florida is the proper jurisdiction to entertain the action because, he says, the initial proceeding was commenced in that state and he continues to reside in that state.
Pursuant to the UCCJA arid the PKPA a state court may decline to exercise its jurisdiction over a child custody matter, even if that state has statutory jurisdiction, if it rip-pears that another state is the more appropriate forum. B.D.C. v. L.C., 586 So.2d 924 (Ala.Civ.App.1991). Because the Florida court declined to exercise jurisdiction and deferred the matter to the Alabama court, we find the father’s argument to be moot.
The petition for the writ of mandamus is due to be denied.
WRIT DENIED.
MONROE, CRAWLEY, and THOMPSON, JJ., concur.
ROBERTSON, P.J., concurs in the result.