David L. Guernsey petitioned the Madison County, Alabama, Circuit Court in July 1997 to modify a 1990 divorce judgment, seeking to have the minor child born during the marriage declared not to be his child. Mr. Guernsey and his former wife submitted the following stipulation of facts to the trial court:
"1. The parties were married on July 12, 1986.
 "2. During the marriage, a child was born, . . . [in 1988].
 "3. The parties were divorced by decree of this Court on April 19, 1990. The [mother] was granted custody of the minor child.
". . . .
 "5. On August 27, 1992, the decree was modified upon joint petition of the parties to give the custody of the minor child to [Mr. Guernsey].
". . . .
 "7. The [mother] has had physical custody of the child since on or about July 17, 1997.
 "8. On July 17, 1997, [Mr. Guernsey] filed a Petition to Modify seeking to have the minor child declared not to be [his] child. . . . That petition was amended on October 28, 1997. [Mr. Guernsey] brings his claim under Rule 60(b)(6), A.R.Civ.P., and Code of Alabama, 1975, § 26-17A-1. [Mr. Guernsey] bases his claim on a DNA test of [himself] and the minor child. Based on facts which were ascertained in 1997, [Mr. Guernsey] became concerned that he may not be the biological father of the child. Specimens were taken from [Mr. Guernsey] and the child by Buccal Swab sampling on June 12, 1997. The Paternity Evaluation Report dated July 3, 1997, concluded that [Mr. Guernsey] was excluded as being the biological father of the child.
". . . .
 "10. On August 28, 1997, the [mother] also filed a Motion to Dismiss [Mr. Guernsey's] petition.
 "11. This Court denied the [mother's] Motion to Dismiss on October 15, 1997.
". . . .
 "15. [Mr. Guernsey] is a resident of the State of Georgia and has been for more than six (6) months preceding the filing of his petition to modify.
 "16. The [mother] is a resident of the State of Florida and has been for more than six (6) months preceding the filing of [Mr. Guernsey's] petition to modify.
 "17. Neither the child, nor either party has resided in the State of Alabama for *Page 1110 
the six months preceding the filing of [Mr. Guernsey's] petition."
Based on the pleadings and the stipulation of facts, the trial court found that Mr. Guernsey was not the biological father of the minor child, and, based on that finding, it terminated his duty to support the child. The mother appeals. The dispositive issue is whether the trial court had jurisdiction to entertain Mr. Guernsey's petition.[1]
Alabama courts have continuing jurisdiction over custody matters if the initial custodial determination was entered with proper jurisdiction and either the child or one of the parents continues to reside in Alabama. Ex parte Carstens, 728 So.2d. 128
(Ala. 1998); Lyon v. Lyon, 618 So.2d 127, 129 (Ala.Civ.App. 1992); Brown v. Brown, 476 So.2d 114 (Ala.Civ.App. 1985). In cases where the parents and the child no longer reside in Alabama, the provisions of the Alabama Uniform Child Custody Jurisdiction Act (UCCJA), §§ 30-3-20 through -44, Ala. Code 1975, or the federal Parental Kidnapping Prevention Act, 28 U.S.C. § 1738A (1988), apply. Kalifeh v. Kalifeh, 637 So.2d 899, 900 (Ala.Civ.App. 1994). In view of the facts of this case, we conclude that the Alabama court no longer had jurisdiction over the matters involving the child's custody.
Mr. Guernsey argues that this is not a custody proceeding and, therefore, he says, the UCCJA and the PKPA are not applicable. He insists that this case "involves a petition for relief from a judgment, not a modification of it." His argument is one of semantics. Mr. Guernsey, who has legal custody of the child, filed a petition asking the trial court relieve him of that custody. Such a request involves a "custody proceeding," no matter what name is given to the petition. The UCCJA and PKPA apply to interstate actions to determine who will have custody. "It is logical to apply the UCCJA when determining who will not have custody." In the Interest of L.C., 18 Kan. App. 2d 627, 629, 857 P.2d 1375, 1377
(1993). Mr. Guernsey's request that he be declared not to be the father of the minor child is a custody-determination proceeding of the most drastic kind. See, e.g., In the Interest of L.C., supra; White v. Blake, 859 S.W.2d 551 (Tex.App. 1993); Souza v. Bristow,193 Cal.App.3d 1304, 238 Cal.Rptr. 892 (1987).
The circuit court did not have jurisdiction to entertain Mr. Guernsey's petition. The judgment is reversed and the case is remanded for proceedings consistent with this opinion.
REVERSED AND REMANDED FOR FURTHER PROCEEDINGS.
Robertson, P.J., and Monroe, Crawley, and Thompson, JJ., concur.
[1] The mother also argues that § 26-17A-1, Ala. Code 1975, is unconstitutional and inapplicable to divorce judgments and that Mr. Guernsey's claim is time-barred by § 26-17-6, Ala. Code 1975. We note that these issues have recently been addressed by our supreme court in Ex parte Jenkins, 723 So.2d 649 (Ala. 1998).