868 So.2d 451 (2003)
C.J.L.
v.
M.W.B.
2020182.
Court of Civil Appeals of Alabama.
June 13, 2003.
Becki Truscott and Richard Ducote, New Orleans, Louisiana; and Roianne Houlton Conner, Montgomery, for appellant.
Robert T. Meadows III and David B. Byrne, Jr., of Capell & Howard, P.C., Montgomery, for appellee.
CRAWLEY, Judge.
C.J.L. ("the mother") appeals from the trial court's judgment terminating her visitation with her children, who are in the custody of M.W.B. ("the father"). This is the second time these parties have been before this court. See C.J.L. v. M.W.B., [Ms. 2010703, February 28, 2003] ___ So.2d ___ (Ala.Civ.App.2003) ("C.J.L. I"). In C.J.L. I, this court affirmed the judgment awarding sole custody of the children to the father. Since the trial court entered its judgment in C.J.L. I in January 2002, the mother has moved to Georgia, where the father and the children reside. However, she has continued to litigate the custody judgment in Alabama by filing postjudgment motions, an appeal, and, finally, in July 2002, a Rule 60(b), Ala. R. Civ. P., motion challenging the judgment.
In October 2002, while litigation over the Rule 60(b) motion continued, the father filed what he entitled "An Emergency Motion for Protection and to Terminate the Former Wife's Custodial Privileges." In that motion, the father alleged that the wife had suggested to M.E.B., the oldest of the parties' daughters, that she accuse the father of sexual abuse. The father appended to his motion a letter from Dr. Santo J. Triolo, the children's psychologist. Dr. Triolo indicated in his letter that he was concerned about the mother and her treatment of the children; he noted that the mother had an extensive history of pathological behaviors, which he characterized as a form of emotional abuse of the children.
The mother filed a motion to dismiss the father's motion, arguing that the trial court no longer had jurisdiction under the Parental Kidnapping Prevention Act, 28 U.S.C. § 1738A ("the PKPA"), and Alabama's version of the Uniform Child Custody Jurisdiction and Enforcement Act, codified at Ala.Code 1975, § 30-3B-101 et seq. ("the UCCJEA"). The trial court denied the mother's motion, stating that it had continuing jurisdiction. The trial *452 court then, after taking testimony, entered a judgment terminating the mother's visitation rights and ordering her to attend psychological counseling.
The mother appeals, arguing again that the trial court lacked jurisdiction over the father's motion. She also argues that the trial court's order terminating her visitation rights did not comply with Rule 65, Ala. R. Civ. P., and that the evidence fails to establish emergency circumstances or irreparable harm. Because we find that resolution of the jurisdictional issue is dispositive of this case, we will not address the mother's other arguments.
In our modern society, divorcing and divorced parents often live in different states. Congress and most state legislatures have passed legislation aimed at determining which of multiple states should litigate and modify child-custody determinations. See 28 U.S.C. § 1738A, and Ala. Code 1975, § 30-3B-101 et seq. The PKPA states that continuing jurisdiction remains in a state that has made a childcustody determination provided that the state continues to have jurisdiction under the state's laws and the child or at least one "contestant" resides in that state. 28 U.S.C. § 1738A(d); see also Holloway v. Holloway, 519 So.2d 531, 532 (Ala.Civ.App. 1987).
Section 30-3B-201 of the UCCJEA outlines when a court of this state has jurisdiction to make an initial custody determination:
"(a) Except as otherwise provided in Section 30-3B-204, a court of this state has jurisdiction to make an initial child custody determination only if:
"(1) This state is the home state of the child on the date of the commencement of the proceeding, or was the home state of the child within six months before the commencement of the proceeding and the child is absent from this state but a parent or person acting as a parent continues to live in this state;
"(2) A court of another state does not have jurisdiction under subdivision (1), or a court of the home state of the child has declined to exercise jurisdiction on the ground that this state is the more appropriate forum under Section 30-3B-207 or 30-3B-208, and:
"a. The child and the child's parents, or the child and at least one parent or a person acting as a parent, have a significant connection with this state other than mere physical presence; and
"b. Substantial evidence is available in this state concerning the child's care, protection, training, and personal relationships;
"(3) All courts having jurisdiction under subdivision (1) or (2) have declined to exercise jurisdiction on the ground that a court of this state is the more appropriate forum to determine the custody of the child under Section 30-3B-207 or 30-3B-208; or
"(4) No court of any other state would have jurisdiction under the criteria specified in subdivision (1), (2), or (3)."
Section 30-3B-202 explains when a court of this state has continuing jurisdiction of a custody case:
"(a) Except as otherwise provided in Section 30-3B-204, a court of this state which has made a child custody determination consistent with Section 30-3B-201 or Section 30-3B-203 has continuing, exclusive jurisdiction over the determination until:
"(1) A court of this state determines that neither the child, nor the child and one parent, nor the child and a person acting as a parent have a significant *453 connection with this state and that substantial evidence is no longer available in this state concerning the child's care, protection, training, and personal relationships; or
"(2) A court of this state or a court of another state determines that the child, the child's parents, and any person acting as a parent do not presently reside in this state.
"(b) A court of this state which has made a child custody determination and does not have continuing, exclusive jurisdiction under this section may modify that determination only if it has jurisdiction to make an initial determination under Section 30-3B-201."
The mother argues that the trial court lost its continuing exclusive jurisdiction when she, the last family member to reside in Alabama, moved to Georgia to be closer to the children. Indeed, the UCCJEA makes very clear that a court of this state no longer has continuing jurisdiction when neither the child nor his or her parents reside in this state. § 30-3B-202(a)(2); see also Guernsey v. Guernsey, 794 So.2d 1108, 1110 (Ala.Civ.App.1998). Once a court of this state loses continuing exclusive jurisdiction, it may modify its own prior custody determination only if it has jurisdiction to make an initial determination under § 30-3B-201. § 30-3B-202(b). The father does not, and cannot, argue that this state could assume jurisdiction under § 30-3B-201 to make an initial determination.
The father does argue that the trial court in its initial custody judgment reserved jurisdiction to impose supervised visitation should it become necessary. Thus, he argues, the trial court was merely enforcing or effectuating its January 2002 judgment when it terminated the mother's visitation rights. We disagree. The trial court modified the January 2002 judgment by terminating the visitation awarded in that judgment. The trial court had lost continuing exclusive jurisdiction under § 30-3B-202, and it did not have jurisdiction under § 30-3B-201 to modify its January 2002 judgment.
In addition, the father notes that C.J.L. I was still pending in this court when the trial court entered its November 2002 judgment terminating the mother's visitation rights, which, he appears to argue, supports a determination that the trial court's jurisdiction continued because the case had not yet been concluded. Although the Official Comment to § 30-3B-202 states that "[j]urisdiction attaches at the commencement of a proceeding" so that, if this state had jurisdiction to modify a judgment at the time the proceeding was commenced, the change of residence of all the parties to that proceeding prior to its conclusion would not divest the court of jurisdiction, the father's argument is flawed. The father's "emergency motion" was in effect a modification petition seeking a modification of the visitation provisions of the January 2002 judgment. At the time the modification petition was filed, neither parent and none of the children resided in this state. Therefore, the trial court, having lost continuing exclusive jurisdiction under § 30-3B-202, and not having jurisdiction under § 30-3B-201, had no jurisdiction at the time the modification proceeding was commenced.
Finally, the father argues that the mother, by continuing her postjudgment-motion practice and by litigating the Rule 60(b) motion, has somehow consented to the jurisdiction of the court. However, subjectmatter jurisdiction may not be waived; a court's lack of subject-matter jurisdiction may be raised at any time by any party and may even be raised by a court ex mero motu. See Ex parte Punturo, [Ms. 1000115, February 8, 2002] ___ So.2d ___, *454 ___ (Ala.2002). Therefore, we conclude that the mother, by her actions in litigating the propriety of the January 2002 judgment, could not have consented to subject-matter jurisdiction in contravention of the PKPA and the UCCJEA.
Accordingly, we conclude that the trial court's judgment terminating the mother's visitation with the children was entered without jurisdiction and is therefore void. See Ex parte Punturo, ___ So.2d at ___, A void judgment will not support an appeal. See Carter v. Hilliard, 838 So.2d 1062, 1064 (Ala.Civ.App.2002).
APPEAL DISMISSED.
YATES, P.J., and THOMPSON, PITTMAN, and MURDOCK, JJ., concur.